UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELECTRIC INSURANCE COMPANY, ET AL. | ) ) | CASE NO.  C-1-00-1056 |
| | ) | |
| Plaintiffs, | ) ) | JUDGE: SUSAN J. DLOTT |
| | ) | |
| v. | ) ) ) | **DEFENDANT CHRYSLER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON THE CROSS-CLAIM OF DEFENDANT PHYLLIS H. WALLACE** |
| PHYLLIS H. WALLACE, EXECUTRIX OF THE ESTATE OF CHRISTOPHER S. WALLACE, ET AL. | ) ) ) ) | |
| Defendants. | ) | |

    Defendant Chrysler Insurance Company respectfully moves for summary judgment on the cross-claim of Defendant Phyllis H. Wallace.  Specifically, Chrysler Insurance seeks an order declaring that Co-defendant's cross-claim does not state a valid cause of action against Brian Downey, who Co-defendant alleges negligently caused her damages.  This motion is made pursuant to F.R.C.P. 56(b) and is more fully set forth in the accompanying memorandum.

    Respectfully submitted,

_____
BRIAN A. MEEKER (0063543)
**Reminger & Reminger Co., L.P.A.**
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093
(216) 687-1311
Fax: (216) 687-1841
bmeeker@reminger.com
*Attorney for Defendant*
*Chrysler Insurance Co.*

## **MEMORANDUM**

This motion concerns a portion of Defendant Wallace's cross-claim against Defendant Chrysler Insurance Company. (Doc. 7). Co-defendant's cross-claim is styled as an action for declaratory judgment. Id. at ¶22. Defendant Wallace, *inter alia*, "seeks a declaration that liability coverage is available under the Chrysler policies for the negligence of Brian Downey." Id. at ¶24. While a prayer for money damages is not clearly set forth, by means of the cross-claim, Defendant Wallace "states that the estate is entitled to a sum of money to determined by the Court to compensate the heirs for the death of Christopher S. Wallace." Id. at ¶28.

As the court is well aware, this case involves claims for coverage against several different insurance policies for a single-vehicle accident in which Brian Downey was the driver and Christopher Wallace was fatally injured. Plaintiff Electric Insurance Company is alleged to provide UM/UIM coverage pursuant to policies issued to Co-defendant Wallace's decedent's employer. Policies issued by Defendant Chrysler Insurance Company are allegedly implicated because Chrysler's insured owned the vehicle involved in the subject accident.

By its order of November 4, 2002, (Doc. 35), the court addressed insurance coverage issues as raised in the respective motions for summary judgment of the Plaintiff's Electric Insurance Company and National Union Fire Insurance Company and Defendant Chrysler Insurance Company. In ruling on those motions, the court found, *inter alia*, that "Brian Downey was covered on both the Chrysler commercial lines policy and the Chrysler umbrella/excess policy for purposes of liability." Despite this ruling, Defendant Wallace's claim for liability coverage must ultimately fail because Wallace has no <u>present</u> right of

2

recovery against Brian Downey.

Brian Downey is not now, nor has he ever been, a party to this lawsuit.  Further, to the best of this party's knowledge and belief, there is presently no lawsuit pending against Brian Downey in any court in regard to the April 16, 1999 motor vehicle accident in which Defendant Wallace's decedent was fatally injured.  Even further, there is no presently cognizable claim to be made against Brian Downey for damages stemming from the April 16, 1999 accident.  This is inarguably true because: (1) Wallace executed a general "release of all claims and indemnification agreement" in favor of Brian Downey, by which Brian Downey was "forever discharged . . . from any and all past, present, or future claims for economic and non-economic damages . . . ." (Ex. A); (2) the only known lawsuit between Defendant Wallace and Brian Downey (Clermont County, Ohio CP Case No. 2001CVH00398) has been dismissed with prejudice (Ex. B, responses 2 and 3); and (3) a wrongful death claim against Brian Downey is presently time barred.  In that regard, Ohio R.C. §2125.02(D) mandates that an action for wrongful death must be commenced within two years after a decedent's death.  The Ohio Supreme Court has interpreted this statutory provision as "an integral element of the right of the action itself and if an action is not brought within two years from the death of the decedent, it must fail, not because a statute of limitations provides the time in which it must be brought but because the time limit is of the very essence of the action."  *Sabol v. Pekoc* (1947), 148 Ohio St.545, 552.

Defendant Wallace's responses to Chrysler's request for admission are attached as Exhibit B.  Therein, Defendant Wallace admits the truth of each of the above assertions, while, albeit, maintaining throughout that she should be excused from the clear import of the general release, the dismissal with prejudice, and the running of time for a valid

3

wrongful death action. Wallace's position is that it discharged Brian Downey from further liability only after obtaining Chrysler's consent. However, Wallace's representations to the contrary, Chrysler Insurance did not instruct Wallace to execute a release fully shielding the alleged tortfeasor from any further liability claims. Nor did Chrysler Insurance direct Wallace to dismiss its claim with prejudice against any further re-filing. Likewise, Chrysler Insurance did not direct Wallace to allow the applicable time period for a valid cause of action against Brian Downey to expire.

Notwithstanding this court's determination that Brian Downey <u>was</u> covered under the Chrysler policies for his liability to Wallace, Wallace has not brought a cause of action against Downey that would trigger Chrysler's new-found obligation to defend and indemnify Downey.

It is inarguable that Ohio law does not recognize a direct cause of action by an injured party against the insurer of the alleged tortfeasor. *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 197. Circumvention of this rule inevitably would constitute a prejudicial or harmful affect against the insurer. Id., also see R.C. 3929.06(B). A plaintiff injured by a tortfeasor has no statutory or common law right to recovery directly from the tortfeasor's liability insurance contract. Instead a claim against an insurer can proceed only after judgment is obtained against the alleged tortfeasor. *Lawreszuk v. Nationwide Ins. Co.* (1977), 59 Ohio App.2d 111, 113-114. An insurance company's liability in this context is only derivative. The insurer is only liable if its insured, the alleged tortfeasor, has been found liable. Id. While an injured party is said to have a "substantial" right on the tortfeasor's policy from the time of injury, that right is not vested until a judgment against the tortfeasor is secured. Id., citing *Hartford Accident & Indemnity Co. v. Randall* (1932),

125 Ohio St. 581. The injured party is not a third-party beneficiary of the insurance contract. *Chitlik*, supra.

Based on the foregoing, Chrysler Insurance respectfully moves for summary judgment in its favor on the cross-claim, to the extent the cross-claim seeks money damages for the tort liability of Brian Downey. Further, Defendant Chysler Insurance asks the court to find that Defendant Wallace's failure to exhaust the Chrysler Insurance liability limits acts as a set-off against any claim for underinsured motorist coverage.

                        Respectfully submitted,

                        *s/ Brian A. Meeker*
                        BRIAN A. MEEKER (0063543)
                        **Reminger & Reminger Co., L.P.A.**
                        1400 Midland Building
                        101 Prospect Avenue West
                        Cleveland, OH  44115-1093
                        (216) 687-1311
                        Fax: (216) 687-1841
                        bmeeker@reminger.com
                        *Attorney for Defendant*
                        *Chrysler Insurance*

## **SERVICE**

This document was electronically filed via the court's ECF/Pacer system, with service copies automatically provided to counsel of record.

                        *s/ Brian A. Meeker*
                        BRIAN A. MEEKER (#0063543)
                        *Attorney for Defendant*
                        *Chrysler Insurance Co.*