# RELEASE OF ALL CLAIMS AND INDEMNIFICATION AGREEMENT

This Release of All Claims and Indemnification Agreement (hereinafter called "Release"), is given by Phyllis Haralda Wallace, as Executrix of the Estate of Christopher Shaun Wallace aka Christopher S. Wallace, Deceased (hereinafter collectively called "Plaintiff"), in favor of Brian A. Downey, his heirs, successors, and assigns (hereinafter collectively called "Defendant"), State Farm Mutual Automobile Insurance Company and its affiliates, subsidiaries, parent, successors, and assigns in interest (hereinafter collectively called "Liability Insurer"), and Allstate Insurance Company, its affiliates, subsidiaries, parent, successors, and assigns in interest (hereinafter collectively called "Underinsured Motorist Insurer"), as set forth in Article I – RECITALS below.

## I. RECITALS

A. On or about April 16, 1999, in a motor vehicle accident which occurred on State Route 132 in Clermont County, Ohio, Plaintiff's decedent, Christopher Shaun Wallace aka Christopher S. Wallace, sustained personal and physical injuries which resulted in his death as a result of the alleged tortious conduct of Defendant, which is hereinafter referred to as the "Occurrence". Said Occurrence is the source of all payments by Liability Insurer and Underinsured Motorist Insurer.

B. Plaintiff desires to enter into this Release to provide, among other things, for certain payments in full settlement and discharge of all claims and actions of Plaintiff for damages arising out of or due to this Occurrence, on the terms and conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY AGREED TO AS FOLLOWS:

## II. RELEASE

In consideration of the promise to make periodic payments set forth herein, Plaintiff hereby releases and forever discharges Defendant, Liability Insurer, and Underinsured Motorist Insurer, from any and all past, present, or future claims for economic and non-economic damages for personal and physical injuries, including but not limited to any survivorship claims, wrongful death claims, and next of kin claims, and any and all actions which Plaintiff has, may have, or claims to have for any and all damages, known and unknown, and in any manner arising out of or due to the Occurrence. This Release is entered into in settlement of any and all causes of action which Plaintiff's decedent, Plaintiff's decedent's personal representative, and Plaintiff's decedent's next of kin have, may have, or claim to have, based upon Plaintiff's tort and contractual rights arising out of personal and physical injuries and wrongful death allegedly caused by Defendant and is negotiated as a full and final release. Specifically included in this Release, but not limited to, is Plaintiff's release of any and all claims which Plaintiff has, may have, or claims to have, under the coverages designated in Allstate Insurance Company Policy No. 026460316 issued to Christopher S. Wallace, including all claims of bad faith and for pre-judgment interest.

DEFENDANT'S EXHIBIT A
MSS 11-4-03

Specifically excluded in this Release are any claims which Phyllis H. Wallace, Kevin W. Wallace, and Julia A. Lockaby have under their own separate coverages designated in Allstate Insurance Company Policies Numbers 092018342, 026991613, and 092627664, respectively.

### III.   UNKNOWN INJURIES

Plaintiff fully understands that Plaintiff's decedent may have suffered personal and physical injuries, including, but not limited to, any and all future actions related thereto, that are unknown to Plaintiff at present, and that unknown complications of present or known injuries may arise, develop, or be discovered in the future. Plaintiff acknowledges that the consideration received under this Release is intended to and does release and discharge Defendant, Liability Insurer, and Underinsured Motorist Insurer, from any claims for, or consequences arising from, such injuries and the Occurrence; and Plaintiff hereby waives any rights to assert in the future any claims not now known or suspected, even though, if such claims were known, such knowledge could materially affect the terms of this Release. Plaintiff hereby acknowledges that this is a full and comprehensive Release of any and all damages for any and all injuries, of any kind or nature, known and unknown.

### IV.   PAYMENTS TO PLAINTIFF

A.   <u>Periodic Payments</u>.  Liability Insurer and Underinsured Motorist Insurer hereby agree to make the following payments:

  1.   <u>Payments for the benefit of Amber Marie Wallace and Shawna Christine Wallace, both minors, the two minor children of Plaintiff's decedent</u>.  The following periodic payments shall be made:

    a.   The payment schedule for Amber Marie Wallace is set forth in the Uniform Qualified Assignment, Addendum No. 1, attached hereto.

    b.   The payment schedule for Shawna Christine Wallace is set forth in the Uniform Qualified Assignment, Addendum No. 1, attached hereto.

B.   <u>Nature of Payments</u>.  All sums paid pursuant to this Release constitute damages on account of personal injuries or sickness, in the case involving physical injury or physical sickness arising from the Occurrence and are intended to fall within the meaning and scope of Section 104(a)(2) of the Internal Revenue Code of 1986 as amended.

### V.   FINANCING OF PERIODIC PAYMENT OBLIGATION

A.   <u>Assignment of Obligation.</u>  It is understood and agreed by and among the parties that Liability Insurer and Underinsured Motorist Insurer will assign their obligation to make such future payment(s) as set forth in Paragraph IVA.1 to Allstate Settlement Corporation (hereinafter called "ASC") pursuant to "qualified assignments" within the meaning of the Internal Revenue Code Section 130(c). A copy of such qualified assignment is attached hereto as Exhibit A. Allstate Insurance Company will guarantee the performance of ASC pursuant to a surety bond, a specimen of which is attached hereto as Exhibit B.

B.   <u>Payees of Periodic Payments</u>. All payments shall be made to Amber Marie Wallace and Shawna Christine Wallace as long as they are alive. Should Amber Marie Wallace die before all said payments are made, any remaining certain payments shall be made to Kimberly Lavon Ashba, if living, otherwise to Shawna Christine Wallace. Should Shawna Christine Wallace die before all said payments are made, any remaining certain payments shall be made to Kimberly Lavon Ashba, if living, otherwise to Amber Marie Wallace. Payees retain the right to request a change in the beneficiaries of such payments in a manner acceptable to ASC and Allstate Life Insurance Company. Such change will not be unreasonably withheld by ASC.

C.   <u>Third Party Payment.</u> It is understood by Plaintiff that all periodic payments as set forth in this Release will be financed by the purchase of an annuity contract from Allstate Life Insurance Company. Liability Insurer and Underinsured Motorist Insurer, or its assignee, ASC, shall retain ownership of the annuity contract, except as set forth in the qualified assignment. For their own convenience, Liability Insurer and Underinsured Motorist Insurer, or their assignee, ASC, may make payments directly to the payees described in the Payee of Periodic Payments paragraph of this Release. Such payments will be applied against the obligations of Liability Insurer and Underinsured Motorist Insurer or their assignee, ASC, to such payees as set forth in this Release.

## VI.   STATUS OF PLAINTIFF

Plaintiff acknowledges that neither she, Amber Marie Wallace, or Shawna Christine Wallace, have any right to receive the present value of the periodic payments set forth herein, or to control the investment thereof, or accelerate, defer, increase, or decrease the amount of any such payment. Amber Marie Wallace and/or Shawna Christine Wallace shall only be entitled to receive said payments as they are due. Plaintiff, Liability Insurer, and Underinsured Motorist Insurer acknowledge that any payments made under this Release are for alleged personal and physical injuries under Section 104(a)(2) of the Internal Revenue Code.

## VII.   ASSIGNEE AS OBLIGOR

Plaintiff hereto expressly agrees that, once an assignment is made of the duties and obligations to make said periodic payments by Liability Insurer and Underinsured Motorist Insurer to ASC pursuant to this Release, all of the duties and responsibilities otherwise imposed on Defendant, Liability Insurer, and Underinsured Motorist Insurer by this Release shall instead become the sole responsibility and be binding solely upon ASC. It is further understood that upon said assignment, Defendant, Liability Insurer, and Underinsured Motorist Insurer shall be released from any and all obligations to make such periodic payments, or of any other obligations herein, and ASC shall at all times remain directly and solely responsible for, and shall receive credit for the future payments.

## VIII.   NON-ASSIGNMENT BY PLAINTIFF

The periodic payments to be received by Amber Marie Wallace and Shawna Christine Wallace pursuant to this Release are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, or encumbrance by the Plaintiff.

49

IX.  **RELIANCE BY PLAINTIFF**

This Release has been negotiated by the Plaintiff. Plaintiff warrants, represents, and agrees that Plaintiff is not relying on the advise of Defendant, Liability Insurer, Underinsured Motorist Insurer, their counsel, or anyone associated with them as to the legal and income tax consequences of any kind arising out of this Release.

Accordingly, Plaintiff hereby releases and forever holds harmless Defendant, Liability Insurer, and Underinsured Motorist Insurer, and any and all counsel or consultants for any of them, for any claim, cause of action, or other rights of any kind which Plaintiff may assert because legal, income tax, or other consequences of this Release are other than those anticipated by Plaintiff.

X.  **INDEMNIFICATION**

In further consideration for the periodic payments set forth herein, Plaintiff agrees to indemnify and save, defend, and hold harmless Defendant, Liability Insurer, and Underinsured Motorist Insurer from any and all claims for damages, compensation, or otherwise on the part of Christopher Shawn Wallace aka Christopher S. Wallace or his insurers, healthcare providers, parties claiming rights of subrogation and/or reimbursement, or his heirs, executors, administrators, or assigns and to make good any loss or damages or costs or legal fees that Defendant, Liability Insurer, or Underinsured Motorist Insurer may have to pay if any claim or litigation arises on account of any claim made by or on behalf of the aforesaid as a result of said Occurrence.

XI.  **ADEQUATE CONSIDERATION – DENIAL OF LIABILITY**

Plaintiff agrees and acknowledges that Plaintiff accepts payments of said sums that Amber Marie Wallace and Shauna Christine Wallace are to receive pursuant to this Release as full, complete, final, and binding compromise of matters involving disputed issues regardless of whether too much or too little may have been paid; that payment of sums herein shall not be considered admissions by any party hereto of any liability or wrongdoing, and, in fact, Defendant, Liability Insurer, and Underinsured Motorist Insurer deny liability for the Occurrence; and that no past or present wrongdoing on the part of any party shall be implied by any payments.

XII.  **CONFIDENTIALITY CLAUSE**

Plaintiff hereby agrees that, from the date of the signing of this Release, all matters relating to this settlement shall be held strictly confidential and hence not discussed with any persons or entities who are not a party to this agreement with the exception of matter required by legal and court proceedings.

XIII.  **ENTIRE AGREEMENT**

Plaintiff acknowledges that this Release is the entire agreement and encompasses all terms and agreements negotiated by them in settlement of any and all claims relating to the Occurrence and that there is no other writing whatsoever.

50

## XIV. CONTROLLING LAW

Plaintiff acknowledges that the laws of the State of Ohio control the terms of this Release.

## XV. READING OF AGREEMENT

In entering into this Release, Plaintiff represents that Plaintiff has completely read all terms hereof and that such terms are fully understood and voluntarily accepted by Plaintiff and that Plaintiff has been adequately represented by counsel of Plaintiff's choice.

## XVI. FUTURE COOPERATION

All parties agree to cooperate fully, to execute any and all supplementary documents, gain Probate Court approvals, and to take additional actions that may be necessary or appropriate to give full force and effect to the terms of this Release which are not inconsistent with its terms.

## XVII. PROBATE

Plaintiff further agrees to have her counsel, Edwin L. Hoseus, Jr., probate all minors' claims at Plaintiff's sole costs in the Probate Court of Clermont County, Ohio. This Release does not become binding until such time that the Clermont County Probate Court has approved the proposed settlement.

In witness whereto, the undersigned has hereunto affixed her name this 24th day of January, 2002.

WITNESSES:

_____        _____
_____        Phyllis Haralda Wallace, as Executrix of
                                          the Estate of Christopher Shaun
                                          Wallace aka Christopher S. Wallace,
                                          Deceased