UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELECTRIC INSURANCE COMPANY, ET AL. | ) ) ) | CASE NO. C-1-00-1056 |
| Plaintiffs | ) ) ) | JUDGE: SUSAN J. DLOTT |
| | ) ) | RESPONSES TO |
| v. | ) ) | **DEFENDANT CHRYSLER INSURANCE COMPANY'S** |
| PHYLLIS H. WALLACE, EXECUTRIX OF THE ESTATE OF CHRISTOPHER S. WALLACE, ET AL. | ) ) ) ) | **REQUESTS FOR ADMISSION TO CO-DEFENDANT WALLACE** |
| Defendants | ) | |

Defendant Chrysler Insurance Company submits the following Requests for Admission to Co-defendant/Claimant Phyllis H. Wallace, Executrix of the Estate of Christopher S. Wallace. These requests are propounded pursuant to Federal Rule of Civil Procedure 36.

**Request for Admission No. 1**: Admit that the document attached hereto as Exhibit A. is a true copy of a release of all claims and indemnification agreement executed between Phyllis Wallace as Executrix of the Estate of Christopher Shaun Wallace and Brian A. Downey.

   **RESPONSE**:   Exhibit "A" is a true copy of the Release Of All Claims And Indemnificatio Agreement, which Phyllis Wallace, as Executrix, executed in reliance upon Consents To Settle, which she requested and obtained from the plaintiff, Electric Insurance Company, and the co-defendant, Chrysler Insurance Company, as set forth in Exhibits "1", "2", "3" and "4", attached hereto.

**Request for Admission No. 2**: Admit that there is no presently pending lawsuit between the Estate of Christopher Wallace and Brian A. Downey.

   **RESPONSE**:   Brian A. Downey, was dismissed with prejudice as a party defendant in Case No. 2001-CVH-00398 in the Court of Common Pleas, Clermont County, Ohio, by Phyllis Wallace, as Executrix, in reliance upon Consents To Settle, which she requested and obtained from the plaintiff, Electric Insurance Company, and the co-defendant, Chrysler Insurance Company, as set forth in Exhibits "1", "2", "3" and "4". This case, however, is still pending against other defendants.



DEFENDANT'S EXHIBIT B
MSJ 11-4-03

**Request for Admission No. 3**: Admit that Case No. 2001CVH00398 in the Court of Common Pleas for Clermont County Ohio was dismissed with prejudice as to Brian Downey on or about March 25, 2002.

<u>RESPONSE</u>:    See Response No. 2.

**Request for Admission No. 4**: Admit that the document attached hereto as Exhibit B is a true copy of an application to the Probate Court of Clermont County Ohio for approval of a settlement between the Estate of Christopher Wallace and Brian Downey.

<u>RESPONSE</u>:  Exhibit "B" is a true copy of the Application which Phyllis Wallace, as Executrix filed with the Probate Court, in reliance upon Consents To Settle, which she requested and obtained from the plaintiff, Electric Insurance Company, and the co-defendant, Chrysler Insurance Company, as set forth in Exhibits "1", "2", "3" and "4".

**Request for Admission No. 5**: Admit that the document attached hereto as Exhibit C is a true copy of an order from the Probate Court of Clermont County Ohio approving the settlement between the Estate of Christopher Wallace and Brian Downey.

<u>RESPONSE</u>:   Exhibit "C" is a true copy of an order from the Probate Court approving the settlement between the Estate of Christopher Wallace and not only Brian Downey, but also, State Farm Mutual Automobile Insurance Company, his liability carrier, and also, Allstate Insurance Company.

**Request for Admission No. 6**: Admit that payments have been made by or on behalf of Brian Downey to the Estate of Christopher Wallace, as described in and required by the settlement agreement between those parties.

<u>RESPONSE</u>:    State Farm Mutual Automobile Insurance Company ∧ on behalf of their insured, Brian Downey, paid their liability policy limits of $25,000.00 to the Estate of Christopher Wallace.

**Request for Admission No. 7**: Admit that the above-described payments were intended as a full and final discharge of all liability.

**RESPONSE**:   Denied.

**Request for Admission No. 8**: Admit that Ohio law does not recognize a direct action against a tortfeasor's liability insurance carrier, except when the injured claimant has first obtained a judgment against the insured tortfeasor. *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193 and Ohio Revised Code Section 3929.06.

**RESPONSE**:   Denied.

The foregoing responses are made by:

_____
Edwin L. Hoseus, Jr.  #0008562
Attorney for Defendant,
Phyllis H. Wallace, Executrix
741 Milford Hills Drive
Milford, Oh. 45150-1446
(513) 248-0317
Fax: (513) 248-0321

_____
BRIAN A. MEEKER (0063543)
**Reminger & Reminger Co., L.P.A.**
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093
(216) 687-1311
Fax: (216) 687-1841
bmeeker@reminger.com
*Attorney for Defendant*
*Chrysler Insurance Company*

## SERVICE

The foregoing Requests for Admission were sent this ___7+h___ day of July, 2003 by regular United States mail, postage prepaid, to:

| | |
|---|---|
| Edwin L. Hoseus, Jr., Esq.<br>741 Milford Hills Drive<br>Milford, Ohio  45150-1446 | Counsel for Defendant,<br>Phyllis H. Wallace, Executrix of<br>the E/O Christopher S. Wallace, Dec'd |
| Bradley Snyder, Esq.<br>ROETZEL & ANDRESS<br>National City Plaza<br>155 E. Broad Street, 12th Floor<br>Columbus, Ohio  43215 | Counsel for Plaintiffs |
| OF COUNSEL:<br>Laura M. Faust, Esq.<br>Ronald B. Lee, Esq.<br>ROETZEL & ANDRESS<br>222 South Main Street, Suite 400<br>Akron, Ohio  44308 | Counsel for Plaintiffs |

_____
BRIAN A. MEEKER (#0063543)

## SERVICE

The foregoing Responses To Requests For Admission, has been sent this ___22___ day of August, 2003, by regular U. S. Mail, to Laura M. Faust, Attorney, of Roetzel & Andress, 222 South Main Street, Suite 400, Akron, Ohio 44308, and Brian A. Meeker, Attorney, of Reminger & Reminger Co., L. P. A., 1400 Midland Building, 101 Prospect Avenue West, Cleveland, Ohio, 44115.

_____
Edwin L. Hoseus, Jr.  #0008562
Attorney for Defendant,
Phyllis H. Wallace, Executrix

# RELEASE OF ALL CLAIMS AND INDEMNIFICATION AGREEMENT

This Release of All Claims and Indemnification Agreement (hereinafter called "Release"), is given by Phyllis Haralda Wallace, as Executrix of the Estate of Christopher Shaun Wallace aka Christopher S. Wallace, Deceased (hereinafter collectively called "Plaintiff"), in favor of Brian A. Downey, his heirs, successors, and assigns (hereinafter collectively called "Defendant"), State Farm Mutual Automobile Insurance Company and its affiliates, subsidiaries, parent, successors, and assigns in interest (hereinafter collectively called "Liability Insurer"), and Allstate Insurance Company, its affiliates, subsidiaries, parent, successors, and assigns in interest (hereinafter collectively called "Underinsured Motorist Insurer"), as set forth in Article I – RECITALS below.

## I. RECITALS

A.  On or about April 16, 1999, in a motor vehicle accident which occurred on State Route 132 in Clermont County, Ohio, Plaintiff's decedent, Christopher Shaun Wallace aka Christopher S. Wallace, sustained personal and physical injuries which resulted in his death as a result of the alleged tortious conduct of Defendant, which is hereinafter referred to as the "Occurrence". Said Occurrence is the source of all payments by Liability Insurer and Underinsured Motorist Insurer.

B.  Plaintiff desires to enter into this Release to provide, among other things, for certain payments in full settlement and discharge of all claims and actions of Plaintiff for damages arising out of or due to this Occurrence, on the terms and conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY AGREED TO AS FOLLOWS:

## II. RELEASE

In consideration of the promise to make periodic payments set forth herein, Plaintiff hereby releases and forever discharges Defendant, Liability Insurer, and Underinsured Motorist Insurer, from any and all past, present, or future claims for economic and non-economic damages for personal and physical injuries, including but not limited to any survivorship claims, wrongful death claims, and next of kin claims, and any and all actions which Plaintiff has, may have, or claims to have for any and all damages, known and unknown, and in any manner arising out of or due to the Occurrence. This Release is entered into in settlement of any and all causes of action which Plaintiff's decedent, Plaintiff's decedent's personal representative, and Plaintiff's decedent's next of kin have, may have, or claim to have, based upon Plaintiff's tort and contractual rights arising out of personal and physical injuries and wrongful death allegedly caused by Defendant and is negotiated as a full and final release. Specifically included in this Release, but not limited to, is Plaintiff's release of any and all claims which Plaintiff has, may have, or claims to have, under the coverages designated in Allstate Insurance Company Policy No. 026460316 issued to Christopher S. Wallace, including all claims of bad faith and for pre-judgment interest.

DEFENDANT'S EXHIBIT A (RFA)

47

Specifically excluded in this Release are any claims which Phyllis H. Wallace, Kevin W. Wallace, and Julia A. Lockaby have under their own separate coverages designated in Allstate Insurance Company Policies Numbers 092018342, 026991613, and 092627664, respectively.

### III. UNKNOWN INJURIES

Plaintiff fully understands that Plaintiff's decedent may have suffered personal and physical injuries, including, but not limited to, any and all future actions related thereto, that are unknown to Plaintiff at present, and that unknown complications of present or known injuries may arise, develop, or be discovered in the future. Plaintiff acknowledges that the consideration received under this Release is intended to and does release and discharge Defendant, Liability Insurer, and Underinsured Motorist Insurer, from any claims for, or consequences arising from, such injuries and the Occurrence; and Plaintiff hereby waives any rights to assert in the future any claims not now known or suspected, even though, if such claims were known, such knowledge could materially affect the terms of this Release. Plaintiff hereby acknowledges that this is a full and comprehensive Release of any and all damages for any and all injuries, of any kind or nature, known and unknown.

### IV. PAYMENTS TO PLAINTIFF

A. _Periodic Payments_. Liability Insurer and Underinsured Motorist Insurer hereby agree to make the following payments:

    1. <u>Payments for the benefit of Amber Marie Wallace and Shawna Christine Wallace, both minors, the two minor children of Plaintiff's decedent</u>. The following periodic payments shall be made:

        a. The payment schedule for Amber Marie Wallace is set forth in the Uniform Qualified Assignment, Addendum No. 1, attached hereto.

        b. The payment schedule for Shawna Christine Wallace is set forth in the Uniform Qualified Assignment, Addendum No. 1, attached hereto.

B. _Nature of Payments_. All sums paid pursuant to this Release constitute damages on account of personal injuries or sickness, in the case involving physical injury or physical sickness arising from the Occurrence and are intended to fall within the meaning and scope of Section 104(a)(2) of the Internal Revenue Code of 1986 as amended.

### V. FINANCING OF PERIODIC PAYMENT OBLIGATION

A. _Assignment of Obligation._ It is understood and agreed by and among the parties that Liability Insurer and Underinsured Motorist Insurer will assign their obligation to make such future payment(s) as set forth in Paragraph IVA.1 to Allstate Settlement Corporation (hereinafter called "ASC") pursuant to "qualified assignments" within the meaning of the Internal Revenue Code Section 130(c). A copy of such qualified assignment is attached hereto as Exhibit A. Allstate Insurance Company will guarantee the performance of ASC pursuant to a surety bond, a specimen of which is attached hereto as Exhibit B.

2

48

B. <u>Payees of Periodic Payments</u>. All payments shall be made to Amber Marie Wallace and Shawna Christine Wallace as long as they are alive. Should Amber Marie Wallace die before all said payments are made, any remaining certain payments shall be made to Kimberly Lavon Ashba, if living, otherwise to Shawna Christine Wallace. Should Shawna Christine Wallace die before all said payments are made, any remaining certain payments shall be made to Kimberly Lavon Ashba, if living, otherwise to Amber Marie Wallace. Payees retain the right to request a change in the beneficiaries of such payments in a manner acceptable to ASC and Allstate Life Insurance Company. Such change will not be unreasonably withheld by ASC.

C. <u>Third Party Payment.</u> It is understood by Plaintiff that all periodic payments as set forth in this Release will be financed by the purchase of an annuity contract from Allstate Life Insurance Company. Liability Insurer and Underinsured Motorist Insurer, or its assignee, ASC, shall retain ownership of the annuity contract, except as set forth in the qualified assignment. For their own convenience, Liability Insurer and Underinsured Motorist Insurer, or their assignee, ASC, may make payments directly to the payees described in the Payee of Periodic Payments paragraph of this Release. Such payments will be applied against the obligations of Liability Insurer and Underinsured Motorist Insurer or their assignee, ASC, to such payees as set forth in this Release.

## VI.   STATUS OF PLAINTIFF

Plaintiff acknowledges that neither she, Amber Marie Wallace, or Shawna Christine Wallace, have any right to receive the present value of the periodic payments set forth herein, or to control the investment thereof, or accelerate, defer, increase, or decrease the amount of any such payment. Amber Marie Wallace and/or Shawna Christine Wallace shall only be entitled to receive said payments as they are due. Plaintiff, Liability Insurer, and Underinsured Motorist Insurer acknowledge that any payments made under this Release are for alleged personal and physical injuries under Section 104(a)(2) of the Internal Revenue Code.

## VII.   ASSIGNEE AS OBLIGOR

Plaintiff hereto expressly agrees that, once an assignment is made of the duties and obligations to make said periodic payments by Liability Insurer and Underinsured Motorist Insurer to ASC pursuant to this Release, all of the duties and responsibilities otherwise imposed on Defendant, Liability Insurer, and Underinsured Motorist Insurer by this Release shall instead become the sole responsibility and be binding solely upon ASC. It is further understood that upon said assignment, Defendant, Liability Insurer, and Underinsured Motorist Insurer shall be released from any and all obligations to make such periodic payments, or of any other obligations herein, and ASC shall at all times remain directly and solely responsible for, and shall receive credit for the future payments.

## VIII.   NON-ASSIGNMENT BY PLAINTIFF

The periodic payments to be received by Amber Marie Wallace and Shawna Christine Wallace pursuant to this Release are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, or encumbrance by the Plaintiff.

49



IX. **RELIANCE BY PLAINTIFF**

This Release has been negotiated by the Plaintiff. Plaintiff warrants, represents, and agrees that Plaintiff is not relying on the advise of Defendant, Liability Insurer, Underinsured Motorist Insurer, their counsel, or anyone associated with them as to the legal and income tax consequences of any kind arising out of this Release.

Accordingly, Plaintiff hereby releases and forever holds harmless Defendant, Liability Insurer, and Underinsured Motorist Insurer, and any and all counsel or consultants for any of them, for any claim, cause of action, or other rights of any kind which Plaintiff may assert because legal, income tax, or other consequences of this Release are other than those anticipated by Plaintiff.

X. **INDEMNIFICATION**

In further consideration for the periodic payments set forth herein, Plaintiff agrees to indemnify and save, defend, and hold harmless Defendant, Liability Insurer, and Underinsured Motorist Insurer from any and all claims for damages, compensation, or otherwise on the part of Christopher Shawn Wallace aka Christopher S. Wallace or his insurers, healthcare providers, parties claiming rights of subrogation and/or reimbursement, or his heirs, executors, administrators, or assigns and to make good any loss or damages or costs or legal fees that Defendant, Liability Insurer, or Underinsured Motorist Insurer may have to pay if any claim or litigation arises on account of any claim made by or on behalf of the aforesaid as a result of said Occurrence.

XI. **ADEQUATE CONSIDERATION – DENIAL OF LIABILITY**

Plaintiff agrees and acknowledges that Plaintiff accepts payments of said sums that Amber Marie Wallace and Shauna Christine Wallace are to receive pursuant to this Release as full, complete, final, and binding compromise of matters involving disputed issues regardless of whether too much or too little may have been paid; that payment of sums herein shall not be considered admissions by any party hereto of any liability or wrongdoing, and, in fact, Defendant, Liability Insurer, and Underinsured Motorist Insurer deny liability for the Occurrence; and that no past or present wrongdoing on the part of any party shall be implied by any payments.

XII. **CONFIDENTIALITY CLAUSE**

Plaintiff hereby agrees that, from the date of the signing of this Release, all matters relating to this settlement shall be held strictly confidential and hence not discussed with any persons or entities who are not a party to this agreement with the exception of matter required by legal and court proceedings.

XIII. **ENTIRE AGREEMENT**

Plaintiff acknowledges that this Release is the entire agreement and encompasses all terms and agreements negotiated by them in settlement of any and all claims relating to the Occurrence and that there is no other writing whatsoever.

50

## XIV. CONTROLLING LAW

Plaintiff acknowledges that the laws of the State of Ohio control the terms of this Release.

## XV. READING OF AGREEMENT

In entering into this Release, Plaintiff represents that Plaintiff has completely read all terms hereof and that such terms are fully understood and voluntarily accepted by Plaintiff and that Plaintiff has been adequately represented by counsel of Plaintiff's choice.

## XVI. FUTURE COOPERATION

All parties agree to cooperate fully, to execute any and all supplementary documents, gain Probate Court approvals, and to take additional actions that may be necessary or appropriate to give full force and effect to the terms of this Release which are not inconsistent with its terms.

## XVII. PROBATE

Plaintiff further agrees to have her counsel, Edwin L. Hoseus, Jr., probate all minors' claims at Plaintiff's sole costs in the Probate Court of Clermont County, Ohio. This Release does not become binding until such time that the Clermont County Probate Court has approved the proposed settlement.

In witness whereto, the undersigned has hereunto affixed her name this 24th day of January, 2002.

WITNESSES:

_____

_____

                                               _____
                                               Phyllis Haralda Wallace, as Executrix of
                                               the Estate of Christopher Shaun
                                               Wallace aka Christopher S. Wallace,
                                               Deceased

Perfect Probate 4.3a

# PROBATE COURT OF CLERMONT COUNTY, OHIO

ESTATE OF __Christopher Shawn Wallace, AKA Christopher S. Wallace__, DECEASED

CASE NO. __1999-ES-01890__

**FILED JAN 24 2002 STEPHANIE JUDGE**

### STRUCTURED APPLICATION TO APPROVE SETTLEMENT AND DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL CLAIMS
[R.C.2117.05, 2125.02, 2125.03, Civ. R. 19.1 and Sup. R. 70]

**The fiduciary states:**
[Check whichever of the following are applicable, strike inapplicable words, and incorporate all attachments into a single statement.]

- [x] There is an offer of settlement without suit being filed.

- [ ] There is an offer of settlement after suit was filed. The style of the case, the court and the case number being _____.

- [ ] A judgment has been recovered for damages for decedent's wrongful death.

- [x] The amount of the settlement or judgment is $ __100,000.00__.

- [ ] This is a partial settlement and therefore the estate must remain open pending final disposition of the claims.

- [ ] The offer includes, or the judgment sets forth separately, reasonable funeral and burial expenses in the amount of $ _____.

- [ ] Reasonable compensation for the fiduciary's services is $ _____ and an itemization of such services is attached.

- [ ] A reasonable attorney fee for the attorney's services is $ _____ and reimbursement to the attorney for case expenses is $ _____. A copy of the attorney's fee contract that received prior approval of this Court, subject to modification, and an itemization of case expenses are attached.

- [x] The net proceeds of $ __100,000.00__ should be allocated. $ __100,000.00__ to the wrongful death action and $ __-0-__ to the survival action. A statement in support thereof is attached.

- [x] A statement in support of the proffered settlement is attached.

- [ ] Supplemental forms required by local rule of court are attached.

- [ ] All of the beneficiaries of the wrongful death action are on an equal degree of consanguinity, are adults, and have agreed how the net proceeds are to be distributed.

- [x] The beneficiaries of the wrongful death action are not on an equal degree of consanguinity, or one or more of the beneficiaries is a minor, or the beneficiaries have not agreed how the net proceeds are to be distributed.

**DEFENDANT'S EXHIBIT B (RFA)**

FORM 14.0 - APPLICATION TO APPROVE SETTLEMENT AND DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL CLAIMS C

☒ The surviving spouse, children, and parents of the decedent and other next of kin who have suffered damages by reason of the wrongful death are as follows and the distribution should be as follows:

| Name | Residence Address | Relationship to Decedent | Birthdate of Minor | Amount |
|---|---|---|---|---|
| Amber M. Wallace | 6603 Manila Rd. Goshen, Oh. 45122 | Daughter | 03/10/86 | $50,000.00 |
| Shawna C. Wallace | 6603 Manila Rd. Goshen, Oh. 45122 | Daughter | 12/15/88 | $50,000.00 |

☐ ~~The survival claim beneficiaries are as follows:~~

| Name | Residence Address | Relationship to Decedent | Birthdate of Minor |
|---|---|---|---|
| Mark D. Wallace | | Brother | |
| Julia A Hockaby | | Sister | |
| Kevin M. Wallace | | Brother | |
| Phyllis H. Wallace | | Mother | |

The fiduciary requests that the Court approve the application and authorize the fiduciary to execute a release which upon payment of the settlement shall be a discharge of the claim.

_____   _____
Attorney for Fiduciary       Fiduciary
Edwin L. Hoseus, Jr.         Phyllis Haralda Wallace

Attorney Registration No. 0008562

## ENTRY SETTING HEARING AND ORDERING NOTICE

The Court sets _____ at _____ o'clock _____.M. as the date and time for hearing the above application and orders notice to be given by the fiduciary, as provided in the Rules of Civil Procedure, to the wrongful death and survival claim beneficiaries who have not waived notice.

_____
Probate Judge



Form 14.0 - Side Two - Christopher Shawn Wallace, AKA ____her S. Wallace

Perfect Probate 4.3a

# PROBATE COURT OF CLERMONT COUNTY, OHIO

ESTATE OF  Christopher Shawn Wallace, AKA Christopher S. Wallace , DECEASED

CASE NO. 1999-ES-01890

FILED JAN 2 4 2002 STEPHANIE WYLER

## STRUCTURED ENTRY APPROVING SETTLEMENT AND DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL CLAIMS

Upon hearing the application to approve settlement and distribution of the wrongful death and survival claims, the Court:

☒ Approves the proffered settlement of $ _____100,000.00_____ .

☐ Orders payment of $ _____ to be applied to decedent's funeral and burial expenses.

☐ Orders payment of $ _____ to the fiduciary for services rendered with respect to the wrongful death and survival claims.

☐ Orders payment of $ _____ to the attorney for reimbursement of case expenses and $ _____ for attorney fees for services rendered with respect to the wrongful death and survival claims.

☒ Orders that the net proceeds of $ __100,000.00__ be allocated $ __100,000.00__ to the wrongful death claim and $ __-0-__ to the survival claim. The amount allocated to the survival claim shall be considered an asset of the estate and shall be reflected in the fiduciary's account of the administration of the estate.

☐ Finds all of the beneficiaries of the wrongful death claim are on an equal degree of consanguinity, are adults, and have agreed how the net proceeds allocated to the wrongful death claim are to be distributed.

☒ Orders distribution of the net proceeds allocated to the wrongful death claim to the surviving spouse, children, parents and other next of kin, in the equitable shares shown below, fixed by the Court having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.

| Name | Residence Address | Relationship to Decedent | Birthdate of Minor | Amount |
|---|---|---|---|---|
| Amber M. Wallace | 6603 Manila Rd. Goshen, Oh. 45122 | Daughter | 03/20/86 | $50,000.00 |
| Shawna C. Wallace | 6603 Manila Rd. Goshen, Oh. 45122 | Daughter | 12/15/88 | $50,000.00 |

FORM 14.2 - ENTRY APPROVING SETTLEMENT AND DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL CLAIMS


DEFENDANT'S EXHIBIT C (REA)

Perfect Probate 4.3a

Orders that the share of:

☐ _____ a minor(s) be deposited in lieu of bond pursuant to R.C. 2111.05.

☐ _____ a minor(s) be paid to the guardian of the estate of such minor.

☐ _____ a child(ren) be deposited in a trust for the benefit of the child(ren) until twenty-five years of age.

Authorizes the fiduciary to execute a release which, upon payment, shall be a discharge of the claim.

Orders the fiduciary and the attorney to report the distribution of the proceeds within thirty days of the date of this Entry.

Further orders  that the shares of Amber M. Wallace and Shawna C. Wallace, minors, be paid to Allstate Life Insurance Company for a structured settlement annuity as described in Exhibit "B" attached to the Application.

Approved:

_____          _____
Attorney for Fiduciary                                Probate Judge
Edwin L. Hoseus, Jr.

Attorney Registration No. 0008562          _____
                                                                      Date




Form 14.2 - Side Two - Christopher Shawn Wallace, AKA ...opher S. Wallace

# EDWIN L. HOSEUS, JR.
A T T O R N E Y   A T   L A W

DEFENDANT'S
EXHIBIT "1" (RFA)

741 MILFORD HILLS DRIVE
MILFORD, OHIO 45150-1446

TELEPHONE
(513) 248-0317
FACSIMILE
(513) 248-0321

April 12, 2001

Clifford C. Masch, Esq.
Reminger & Reminger Co., L. P. A.
113 St. Clair Avenue, N. E., Suite 700
Cleveland, Ohio 44114-1273

    Re:   *Electric Insurance Co., et al. v. Phyllis H. Wallace, et al.*
           *Your File No. 2173-22-45526-01*

Dear Mr. Masch:

As previously discussed, I represent Phyllis H. Wallace, Executrix of the Estate of Christopher S. Wallace, who is hereby requesting that Chrysler Insurance Company, which may provide liability coverage for the torefeasor and/or UIM coverage to the decedent, consent to the estate fully and finally settling the following two (2) claims against:

    1.    The tortfeasor, Brian A. Downey, for the payment by his liability carrier, State Farm Insurance, of its policy limits of $25,000.00. (Certificate of Coverage enclosed).

    2.    Allstate Insurance Company, who insured the decedent Christopher S. Wallace, under his own Policy No. 026460316 and has offered their policy limits of $100,000.00 per person, less the $25,000.00 offered by State Farm Insurance in behalf of Brian A. Downey. (Certificate Of Coverage enclosed)

Regarding your request to take the deposition of Brian A. Downey, I have spoken with his parents' attorney, John Dressing, telephone number (513) 931-6800, and he is going to find out about his availability. I will let you know.

Thank you for your cooperation.

Very truly yours,

Edwin L. Hoseus, Jr.
Attorney At Law
ELH/blc        Enclosures

# EDWIN L. HOSEUS, JR.
### ATTORNEY AT LAW

DEFENDANT'S EXHIBIT "2" (RFA)

741 MILFORD HILLS DRIVE
MILFORD, OHIO 45150-1446

TELEPHONE
(513) 248-0317
FACSIMILE
(513) 248-0321

April 12, 2001

Laura M. Faust, Esq.
Roetzel & Andress
222 South Main Street
Akron, Ohio 44308

Re:  **Estate of Christopher S. Wallace, Deceased**
     **v. Electric Insurance Company**
     **Your File No.: 025481-0047**

Dear Ms. Faust:

As previously discussed, I represent Phyllis H. Wallace, Executrix of the Estate of Christopher S. Wallace, who is hereby requesting that Electric Insurance Company, and National Union Fire Insurance Company, which may provide UIM coverage to the the decedent, consent to the estate fully and finally settling the following two (2) claims against:

   1.   The tortfeasor, Brian A. Downey, for the payment by his liability carrier, State Farm Insurance, of its policy limits of $25,000.00. (Certificate of Coverage enclosed).

   2.   Allstate Insurance Company, who insured the decedent Christopher S. Wallace, under his own Policy No. 026460316 and has offered their policy limits of $100,000.00 per person, less the $25,000.00 offered by State Farm Insurance in behalf of Brian A. Downey. (Certificate Of Coverage enclosed)

Thank you for your cooperation.

Very truly yours,

Edwin L. Hoseus, Jr.
Attorney At Law
ELH/blc
Enclosures



DEFENDANT'S
EXHIBIT "3"
(RFA)

222 SOUTH MAIN STREET
AKRON, OH 44308
330.849.6631 DIRECT
330.376.2700 MAIN
330.376.4577 FAX
mropchock@ralaw.com

April 27, 2001

Mr. Edwin L. Hoseus, Jr.
741 Milford Hills Drive
Milford, OH 45150

    Re:    <u>Estate of Christopher Wallace v. Electric Insurance Company</u>
            Our File No.: 025481-0047

Dear Ed:

    This is to inform you that EIC agrees to consent to the underlying settlements with Allstate and State Farm. However, in doing so, EIC reserves its right to assert any other defenses in this action, including priority and pro-rata distribution arguments against either State Farm or Allstate, if appropriate.

                                              Very truly yours,

                                              Mark A. Ropchock

MAR/cdw
Enclosures
025481-0047/866266_1

DEFENDANT'S
EXHIBIT __H__ (RFA)



113 Saint Clair Avenue, NE
CLEVELAND, OHIO 44114-1273
(216) 687-1311
FAX: (216) 687-1841
WWW.REMINGER.COM

COLUMBUS
(614) 461-1311

CINCINNATI
(513) 721-1311

TOLEDO
(419) 609-1311

AKRON
(330) 375-1311

Clifford C. Masch, Esq.
Direct Dial No: (216) 430-2164
E-Mail: cmasch@reminger.com

September 5, 2001

Edwin L. Hoseus, Jr., Esq.
741 Milford Hills Drive
Milford, Ohio 45150-1446

RE: **Electric Insurance Company, et al. v. Phyllis H. Wallace, et al.**
U.S. District Court, Southern District of Ohio, Case No: C-1-00-1056
Our File No: 2173-22-45526-01

Dear Mr. Hoseus:

As a follow up to our recent conversation, enclosed herewith please find copies of the factual stipulations which I would like to turn this case for purposes of my filing motions for summary judgments on the coverage issues. If, for any reason, you are unable to agree to these stipulations as proposed, please give me a call to see if we can reach a consensus. Otherwise, I will have to go forward with the discovery depositions of the tortfeasor and the female passenger in the vehicle in order to get the factual basis for the summary judgment.

In addition this letter is to memorialize that my client consents to your client's acceptance of the liability limits offered by the tortfeasor's carrier. I understand you also wish to accept a tender from the personal UM/UIM carrier. I have no objection to your acceptance of these funds with the understanding that my client reserves the right to argue that any potential UIM claim against the Chrysler Insurance Policies may apply on a *pro rata* basis with the tendered limits of the personal UM/UIM carrier. However, please be advised that this consent is not meant to reflect an admission that the Chrysler Insurance Policy at issue provided coverage for any of the claims at issue in this case.

Very truly yours,

REMINGER & REMINGER CO., L.P.A.

Clifford C. Masch

CCM/ls



HARMONIE
An affiliation of independent law firms.