IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELECTRIC INSURANCE COMPANY, et al., | ) ) ) | CASE NO. C-1-00-1056 |
| Plaintiffs, | ) ) ) | JUDGE DLOTT |
| v. | ) ) | |
| PHYLLIS H. WALLACE, Executrix of the Estate of Christopher S. Wallace, et al. | ) ) ) ) | **NOTICE OF SUPPLEMENTAL AUTHORITY AND MOTION FOR RECONSIDERATION OF COURT'S PRIOR RULING** |
| Defendants. | ) | |

Now come Plaintiffs, Electric Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA, and hereby submits to this Court additional authority in support of its position that Defendant Phyllis H. Wallace, Executrix of the Estate of Christopher S. Wallace, is not entitled to uninsured/underinsured motorist coverage under the EIC or National Union policies. Additionally, Plaintiffs hereby request that this Court reconsider its prior ruling of November 4, 2002 wherein the Court found that the Estate of Christopher Wallace was covered under the National Union policy for UM/UIM purposes on the day of the accident of April 16, 1999.

On November 5, 2003, the Ohio Supreme Court rendered its decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, attached hereto as Exhibit "A". In *Galatis*, the Ohio Supreme Court in its syllabus, held as follows:

1. A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those that have relied upon it.

2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (*King v. Nationwide Ins. Co.* [1988], 35 Ohio St.3d 208, 519 N.E. 2d 1380, applied; *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* [1999] 85 Ohio St.3d 660, 710 N.E. 2d 1116, limited).

3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of a corporation, unless that employee is also a named insured. (*Ezawa v. Yasuda Fire & Marine Ins. Co. of America* [1999], 86 Ohio St.3d 557, 715 N.E. 2d 1142, overruled).

Plaintiffs have filed with this Court other Supplemental Authority arguing that Ohio law does not apply to the interpretation of the EIC or National Union policies. If, however, this Court determines that Ohio law does apply, in light of the recent Supreme Court decision in *Galatis*, Defendant's claims for uninsured/underinsured motorist under the EIC and National Union policies are without merit. As set forth in the previously filed Motions for Summary Judgment with this Court, the motor vehicle accident giving rise to this action, occurred on April 16, 1999. The decedent, Christopher Wallace and his friend, Brian Downey, were on their way home after stopping at several bars. It is not disputed that Christopher Wallace was not within the course and scope of his employment with General Electric, EIC and National Union's named insured, at the time of the Accident. Based upon the syllabus holding of the Ohio Supreme Court in *Galatis*, unless Mr. Wallace was within the course and scope of his employment, he is not an insured under the EIC or National Union policies and as such, is not entitled to uninsured/underinsured motorist coverage.

In light of the recent decision of the Ohio Supreme Court in *Galatis*, *supra*, and, in accordance with the Supplemental Authority previously filed with this Court arguing that Ohio law does not even apply to the

2

EIC and National Union policies, Plaintiffs EIC and National Union respectfully request that this Court reconsider its prior decision finding uninsured/underinsured motorist coverage for the Estate of Christopher Wallace under the National Union policy and, affirm its prior decision that uninsured/underinsured motorist coverage is not available under the EIC policies. EIC and National Union are both entitled to summary judgment as a matter of law declaring that the Estate of Christopher Wallace is not entitled to uninsured/underinsured motorist coverage under these policies.

                                      Respectfully submitted,

                                      ___*/s/ Laura M. Faust*_____
                                      Laura M. Faust  (0059494)
                                      lfaust@ralaw.com
                                      ROETZEL & ANDRESS
                                      222 South Main Street, Suite 400
                                      Akron, OH  44308
                                      (330) 376-2700
                                      (330) 376-4577- fax
                                      ATTORNEY FOR PLAINTIFFS ELECTRIC INSURANCE COMPANY AND NATIONAL UNION FIRE AND INSURANCE COMPANY OF PITTSBURGH, PA

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2003, the foregoing was filed electronically. Notice of this filing was sent to counsel of record through the Court's electronic filing system. Access to this document also can be obtained through the Court's electronic system.

                                             */s/ Laura M. Faust*
                                             Laura M. Faust  (0059494)

1121020_1 /025481.0047