July 21, 2000

EXHIBIT "A"

James R. Tello
Casualty Adjuster
Chrysler Insurance Company
P. O. Box 5168
Southfield, Michigan 48086-5168

Re: **Claim No:** 9905135-12
    **Date of Loss:** 4/16/99
    **Insured:** Al Castrucci, Inc.
    **Claimant/Customer:** Estate of Christopher S. Wallace

Dear Mr. Tello:

Please find enclosed a settlement package consisting of the following documents:

1. A booklet about Chris Wallace's life and his relationships with his daughters, Amber, age 14, and Shawna, age 11, his mother, Phyllis Wallace, and his brothers and sister, Mark, Kevin and Julia. Each family member also describes in their own words the grief which they have experienced over Chris' death.

2. An Analysis of the Present Value of the Lost Earning Capacity of Chris Wallace, which was prepared by Forensic Economist, Michael L. Brookshire, Ph.D. Such loss would lie within $453,323 and $1,020,960 depending upon which amount a jury finds to be reasonable.

3. G. E. payroll summaries for the 3 weeks prior to his death. His hourly rate was $20.51 per hour plus a shift bonus of $2.05 per hour.

4. Jury verdict research for recent wrongful death verdicts in Ohio where the decedent was between the ages of 30 and 50. Such verdicts range from $2,500,000 to $6,900,000.

James R. Tello
Casualty Adjuster
Chrysler Insurance Company
July 21, 2000
Page 2

In view of the foregoing, I have been authorized by the fiduciary of his estate to demand the sum of $4,000,000 in full settlement of all claims.

Would you kindly advise whether Chrysler Insurance Company is acknowledging coverage under the liability provisions of their policy.

If you need any additional information, please give me a call.

Very truly yours,

Edwin L. Hoseus, Jr.
Attorney At Law

ELH/blc

Enclosures

# MIKE CASTRUCCI FORD SALES, INC.
1020 State Rt. 28   PO Box 7395
MILFORD, OHIO 45150
Telephone 831-7010

RENT-A-CAR
AUTHORIZED SYSTEM MEMBER

RENTAL AGREEMENT
NO. 81536

99057 3/
61407

| CUSTOMER NAME | | VEHICLE NO. | | LICENSE NO. | |
|---|---|---|---|---|---|
| his Valla | | | | | |
| ADDRESS | VERIFIED | YEAR-CAR LINE-TRUCK SERIES | | MODEL AND COLOR | |
| Baiml | ON | CO-05 | | | |
|  | STATE | ZIP CODE | | | |
| ouclaud | OH | SPEEDOMETER IN | | DATE AND TIME IN | |
|  | STATE | EXP. DATE | | 4/16/9_ AM/PM | |
| DRIVER'S LICENSE NO. | | SPEEDOMETER OUT | 17252 | DATE AND TIME OUT / / AM/PM | |
| BIRTH DATE | SOCIAL SECURITY NO. | HOME PHONE | VERIFIED | MILES DRIVEN | MAX PAYLOAD |
| 12/16/__ | 279661620 | 575-0559 | | MILES ALLOWED | DATE DUE EXPIRATION OF CONTRACT 4/17/95 AM/PM |
| | | | | CHARGEABLE MILES | |

## CONDITIONS

Licensee hereby loans to Customer identified above, the Vehicle described, subject to all the terms and provisions of this Agreement.

**Drivers.** In no event shall the vehicle be used, operated or driven by any person other than the Customer or qualified licensed drivers at least 21 years of age who have Customer's advance permission to use the vehicle and whose names appear on Customer's vehicle insurance policy.

**Prohibited Use.** The vehicle shall NOT be used:
1) for the transportation of persons or property for compensation
2) in a reckless or abusive manner or in any race, test, or competitive event
3) outside the United States without first obtaining Licensee's written permission
4) by any person not specified in Paragraph 1. above
5) in violation of any federal, state or local laws
6) while under the influence of intoxicants or drugs
7) to push or tow any vehicle except a trailer properly attached to the 5th wheel of a tractor or except a single axle 2 wheel light-weight trailer if the vehicle is equipped with a towing hitch installed for or by the licensee but not to be a bumper clamp-on hitch. In no event should passengers be carried in or on a trailer.
8) to leave the keys in or not to properly lock up or secure the vehicle (excluding valet parking)
9) if further use of the vehicle would cause damage (ie: warning light on, flat tire, steam rising from engine, etc.)
10) to carry hazardous or explosive substances
11) in an off-road use (use on any road or other area that is not hard surfaced and regularly maintained) without licensees written permission
12) to transport a total vehicle and payload weight in excess of the gross vehicle weight as specified on the vehicle but the vehicle payload weight shall not exceed that which is specified by manufacturer. (see Manufacturer handbook in glovebox)
13) to drive in or through a structure where there is insufficient clearance, whether of height or width
14) to drive vehicle if cargo is improperly loaded and/or secured. **IN NO EVENT SHALL CUSTOMER SUBRENT OR RELEASE THE VEHICLE TO ANOTHER PERSON OR CORPORATION.** If the Vehicle is obtained from Licensee by fraud or misrepresentation or is obtained or used in the furtherance of an illegal purpose, all use of the vehicle is **WITHOUT LICENSEE'S PERMISSION.** The foregoing conditions are cumulative and each of them shall apply to every use, operation or driving of the Vehicle.

**Return of the Vehicle.** This Agreement is one of loaner only. The Vehicle is the property of Licensee or Ford Motor Company and shall be returned to the Licensee's address or at the place designated by Licensee or Ford Motor Company and on the date shown on this page or earlier if demanded, together with all tires, tools, accessories and equipment in the same condition as when received, ordinary wear and tear excepted. Failure to return the vehicle to the place, and on the date set forth in this Agreement, will terminate licensee's permission for the customer to use the vehicle. If the loaned Vehicle is returned to Licensee at any place other than that listed herein, Customer agrees to pay all expenses incurred by Licensee to have the vehicle returned. Licensee, or any of its agents or employees, may peacefully repossess the Vehicle, without demand, wherever found and terminate this Loaner Agreement if the Vehicle is illegally parked, is used in violation of law or this Agreement, or was obtained as the result of any misstatement or fraud, or is apparently abandoned. Licensee shall not in any way be liable to Customer for damages resulting from such repossession nor shall it be responsible for the loss or damage to property of Customer contained therein.

In consideration of the loan to me of the automobile hereinabove described, I warrant and agree with the lender that:
1) I am licensed to operate an automobile in this state.

2) If the vehicle is involved in any accident, I will immediately furnish the lender with a full and complete written report thereof and thereafter make all reports required by law, and deliver a duplicate of each to the lender within 12 hours of such accident. **I UNDERSTAND AND AGREE THAT MY INSURANCE APPLIES TO THE AUTOMOBILE DURING THE TIME IT IS LOANED TO ME.**

3) I will pay all traffic tickets, indemnify and hold the lender harmless from all expenses, claims, suits, demands, costs and attorney's fees relating to any act or omission in which the automobile is involved before I deliver it to him at his place of business and all expenses, costs and fees he may incur to protect, enforce or both protect and enforce his rights under this agreement.

4) On the occurrence of any damage to the automobile before I deliver it to him at his place of business, I will immediately pay the lender all sums he has incurred and will incur to obtain such delivery, and the reasonable value of repairing the such damage.

5) This agreement to commence at the time and date shown. **NOTE: THE BORROWER IS ADVISED TO CONTACT HIS INSURANCE AGENT OR BROKER TO MAKE CERTAIN THAT HE IS PROTECTED BY HIS OWN INSURANCE WITH IN THE TERMS AND CONDITIONS OF THIS AGREEMENT. THE LENDER IS NOT LIABLE FOR ANY DAMAGE DONE TO THE VEHICLE OR BY THE VEHICLE WHILE IN THE CUSTOMER'S POSSESSION.**

6) I waive all liability of the lender and his employee's for negligence relating to such car.

7) This is the sole agreement between the lender and myself relating to such automobile; no representation has been made to or on behalf of lender except those endorsed hereon, time is of the essence of this agreement, and each of my obligations hereunder and every breach of a provision hereof shall be deemed substantial and material.

8) I acknowledge the loan to me of the automobile above.

**WARNING:**
- Read carefully all terms and conditions on this page.
- You are responsible for all traffic violations and must turn in all summons upon check in.
- Report all accidents immediately.

CUSTOMER HAS READ THIS AGREEMENT AND AGREES TO THE TERMS AND CONDITIONS THEREOF.
CUSTOMER AUTHORIZES LICENSEE TO PROCESS A CREDIT CARD VOUCHER, IF ANY, IN CUSTOMER'S NAME.
CUSTOMER MAY BE PROSECUTED IF VEHICLE IS NOT RETURNED WHEN DUE BACK.
**THIS AGREEMENT SHOULD NOT EXCEED A 30 DAY PERIOD.**

CUSTOMER SIGNATURE: Christopho S. Vallo
DATE: _____

| INSURANCE INFORMATION | | Prepared By: | |
|---|---|---|---|
| Insured: Allstate | | Expiration Date: | |
| Agent: L. Prodan | Phone: | CHECKED OUT BY: | CHECKED IN BY: |



Chrysler Insurance Company

August 1, 2000

EDWIN L HOSEUS JR
741 MILFORD HILLS DRIVE
MILFORD OH  45150

RE:   CL # 9905135
      AL CASTRUCCI INC
      ESTATE OF CHRISTOPHER WALLACE

Dear Mr Hoseus,

This letter acknowledges your 7/21/00 letter concerning the accident that Mr. Wallace was involved in on 4/16/99 while driving a car under the enclosed rental agreement with Castrucci Ford Sales.

Contractually, Mr. Wallace did not comply with the conditions of the rental. Specifically, he allowed Mr. Downey to drive the car who was not named on Wallace's vehicle insurance policy. In addition there was prohibited use of the vehicle while under the influence of intoxicants and drugs as indicated in facts surrounding the accident as outlined in the police report.

Also under the rental agreement in on event was Mr. Wallace permitted to subrent or release the vehicle to another person or corporation as he did allowing Mr. Downey to drive the car while intoxicated.

Mr. Wallace signed the agreement acknowleding that he carefully read all terms and conditions and agreed to all of them.

We suggest that you submit your claim to Electric Insurance Company a subsidiary of General Electric represented by attorney Laura Faust of Roetzel & Adresss, 222 South Main Street, Akron, Ohio 44308, phone number 330 376 2700.

If you have any questions please call me at 248 948 4828. Thank you.

Sincerely,

Curt Geisler  CPCU AIC
Central Region Claims Manager
cc  Laura Faust


P.O. Box 5168
Southfield, MI  48086-5168

# EDWIN L. HOSEUS, JR.
## ATTORNEY AT LAW

EXHIBIT "B"

741 MILFORD HILLS DRIVE
MILFORD, OHIO 45150-1446

TELEPHONE
(513) 248-0017

FACSIMILE
(513) 248-0321

April 12, 2001

Clifford C. Masch, Esq.
Reminger & Reminger Co., L. P. A.
113 St. Clair Avenue, N. E., Suite 700
Cleveland, Ohio 44114-1273

    Re:   *Electric Insurance Co., et al. v. Phyllis H. Wallace, et al.*
          Your File No. 2173:22-45520-01

Dear Mr. Masch:

As previously discussed, I represent Phyllis H. Wallace, Executrix of the Estate of Christopher S. Wallace, who is hereby requesting that Chrysler Insurance Company, which may provide liability coverage for the torefeasor and/or UIM coverage to the decedent, consent to the estate fully and finally settling the following two (2) claims against:

    1.    The tortfeasor, Brian A. Downey, for the payment by his liability carrier, State Farm Insurance, of its policy limits of $25,000.00. (Certificate of Coverage enclosed).

    2.    Allstate Insurance Company, who insured the decedent Christopher S. Wallace, under his own Policy No. 026460316 and has offered their policy limits of $100,000.00 per person, less the $25,000.00 offered by State Farm Insurance in behalf of Brian A. Downey. (Certificate Of Coverage enclosed)

Regarding your request to take the deposition of Brian A. Downey, I have spoken with his parents' attorney, John Dressing, telephone number (513) 931-6800, and he is going to find out about his availability. I will let you know.

Thank you for your cooperation.

Very truly yours,

Edwin L. Hoseus, Jr
Attorney At Law
ELH/blc        Enclosures



113 Saint Clair Avenue, NE
CLEVELAND, OHIO 44114-1273
(216) 687-1311
FAX: (216) 687-1841
WWW.REMINGER.COM

COLUMBUS
(614) 461-1311

CINCINNATI
(513) 721-1311

TOLEDO
(419) 800-1311

AKRON
(330) 375-1311

Clifford C. Masch, Esq.
Direct Dial No: (216) 430-2164
E-Mail: cmasch@reminger.com

September 5, 2001

Edwin L. Hoseus, Jr., Esq.
741 Milford Hills Drive
Milford, Ohio 45150-1446

RE: Electric Insurance Company, et al. v. Phyllis H. Wallace, et al.
U.S. District Court, Southern District of Ohio, Case No: C-1-00-1056
Our File No: 2173-22-45526-01

Dear Mr. Hoseus:

As a follow up to our recent conversation, enclosed herewith please find copies of the factual stipulations which I would like to turn this case for purposes of my filing motions for summary judgments on the coverage issues. If, for any reason, you are unable to agree to these stipulations as proposed, please give me a call to see if we can reach a consensus. Otherwise, I will have to go forward with the discovery depositions of the tortfeasor and the female passenger in the vehicle in order to get the factual basis for the summary judgment.

In addition this letter is to memorialize that my client consents to your client's acceptance of the liability limits offered by the tortfeasor's carrier. I understand you also wish to accept a tender from the personal UM/UIM carrier. I have no objection to your acceptance of these funds with the understanding that my client reserves the right to argue that any potential UIM claim against the Chrysler Insurance Policies may apply on a *pro rata* basis with the tendered limits of the personal UM/UIM carrier. However, please be advised that this consent is not meant to reflect an admission that the Chrysler Insurance Policy at issue provided coverage for any of the claims at issue in this case.

Very truly yours,

REMINGER & REMINGER CO., L.P.A.

Clifford C. Masch

CCM/ls



An affiliation of independent law firms.