UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELECTRIC INSURANCE COMPANY, et al. ) | CASE NO. C-1-00-1056 |
| ) | |
| Plaintiffs ) | JUDE DLOTT |
| ) | |
| v. ) | |
| ) | |
| PHYLLIS H. WALLACE, Executrix of the ) | |
| Estate of Christopher S. Wallace, et al. ) | |
| ) | |
| Defendants ) | |

**DEFENDANT PHYLLIS H. WALLACE'S RESPONSE TO DEFENDANT CHRYSLER INS. CO.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON THE CROSS CLAIM AND BRIEF IN OPPOSITION TO DEFENDANT PHYLLIS H. WALLACE'S MOTION TO RECONSIDER (DOC. 64)**

In support of its Reply Memorandum Chrysler argues that Wallace's cross-claim for damages is moot, the motion for reconsideration is untimely and Wallace's claim for uninsured motorist coverage is not supported by the facts (doc. #64, p. 2, 4, 5). As set out below the various arguments are not supported by law or fact. Chrysler's motion should be dismissed and Defendant Wallace's motion for reconsideration and summary judgment should be granted.

**WALLACE'S RESPONSE TO CHRYLSER'S ASSERTION THAT THE CROSS-CLAIM FOR DAMAGES IS MOOT**

Wallace's claim against Downey has been settled with the consent of Chrysler, a fact not made known to this court by any party prior to its decision, and thus the UM/UIM claim against Chrysler is viable despite Chrysler's assertions to the contrary (doc. #35). Chrysler ignores the fact that while the uninsured/underinsured motorist claim was pending against Chrysler it gave Wallace consent to settle and release Downey. Chrysler now argues that the possible issue of the comparative negligence of

1

plaintiff's decedent somehow puts Chrysler at a disadvantage because the tortfeasor will not be a party at trial and Chrysler will have to defend under its own name (doc. #64 p. 3). Chrysler's assertion that it can hide behind the tortfeasor at trial is not established in Ohio. *See* Reed v State Farm (June 20th 1997) Case No. L-96-038, 1997 Ohio App Lexis 2630 unreported copy attached and Schaefer v Allstate (1996) 76 Ohio St. 3d 553. Assuming arguendo that Chrysler's assertion is correct it should have considered that when it granted consent to settle. Chrysler gave consent to settle knowing that there was a claim pending for UM\UIM coverage and if the tortfeasor was released he would not be a party at trial.

## RESPONSE TO CHRYSLER'S CLAIM THAT WALLACE'S MOTION FOR RECONSIDERATION IS UNTIMELY

Chrysler claims that Wallace's motion for reconsideration before this court is untimely. In support of its proposition it incorrectly asserts that the court's authority for reconsideration falls under FRCP 60(b)(2) (doc. #64, p.4). Chrysler then argues that a motion for reconsideration on these grounds cannot be made more than one year after the judgment, order or proceeding was taken. Id.

Wallace's motion for reconsideration is not taken pursuant to FRCP 60(b). FRCP 60(b) applies only to a final judgment, order or proceeding.

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a <u>final judgment, order, or proceeding</u> for the following reasons:…"FRCP 60(b).Underline added.

It is clear that the court's order granting and denying summary judgment (doc. 35) was not a final order.

A notice of appeal from the order was filed on December 4, 2002 (doc 39) however; the appeal was dismissed on March 4, 2003 (doc 46).

In its order of February 6, 2003 prior to the stipulation of dismissal the Court of Appeals noted the following:

> This court has appellate jurisdiction from final decisions and orders of the district court. 28 U.S.C. § 1291. A decision is final if it disposes of all claims and parties and leaves nothing but the execution of judgment. *Catlin* v. *United States,* 324 U.S. 229,233 (1945). It appears in the *instant* case that matters remain pending before the district court and that a final judgment has not been entered.

Subsequent to this decision the parties stipulated that the appeal was to be dismissed without prejudice to appellant's rights to later reinstate the appeal. Clearly, this was not a final order either when it was entered by this court or when the appeal was dismissed.

Wallace's motion for reconsideration is presented under FRCP 54(B) that states in pertinent part:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties.
>
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.* Emphasis added

As set out above, this court's order did not adjudicate all of the claims, rights and liabilities of all the parties.

Chrysler then argues that Wallace should have advised the court of the settlement with Downey. In a footnote it states that Chrysler only learned of the discharge after the court's November 2002 decision (doc. #64, p.4). As set out in Wallace's motion to reconsider, Chrysler gave consent to settle on September 5, 2001, 14 months before the decision. Furthermore, on December 12, 2002 Chrysler supplemented its motion for summary judgment. This was over a month after the court's

3

order (doc.#35). Chrysler's memorandum did not mention the settlement nor did it argue that because of the settlement there was no liability coverage (doc. 40).

On July 7, 2003, eight months after the court's order Chrysler informed the court of the settlement, presenting new evidence to the court of the settlement in its motion for summary judgment (doc. 47). It was at this time that Chrysler abandoned its previous theory of defense by withdrawing the supplemental brief in support of its motion for summary judgment filed eight months earlier (doc. 40)

Chrysler now argues that although it was permitted to present new evidence to the court in support of its second motion for summary judgment the court must ignore this evidence when determining whether or not its initial order was correct. FRCP 54(b) states that the order is subject to revision at any time prior to adjudication of all claims. Id. Chrysler's most recent motion for summary judgment is proof positive that all claims are not adjudicated (doc. 47). Moreover, the court has not yet decided whether it will proceed on the claim for damages. Arguably, when the court determines that issue and enters a final order the motion for reconsideration would be subject to FRCP 60 rather than FRCP 54 but as verified by the decision of the appellate court this has not yet occurred.

In its order this court considered all of Chrysler's arguments proposed in its memorandum as to why UM/UIM coverage should not apply. The court found that UM\UIM coverage did not apply only because the liability coverage was applicable (doc.35, p. 8-9). Now Chrysler asks the court to employ the fact that the tortfeasor has been released in considering its motion for summary judgment but to ignore the same fact in considering Wallace's motion to reconsider.

**RESPONSE TO CHRYSLER'S CLAIM THAT WALLACE'S CLAIM FOR UNINSURED MOTORIST COVERAGE IS NOT SUPPORTED BY THE FACTS**

Finally, Chrysler argues that Wallace's uninsured motorist coverage claim is not supported by the facts (doc. #64 p. 5).

4

Chrysler argues that Wallace asks for uninsured motorist coverage when this is really a claim for underinsured motorist coverage. Chrysler then argues that its denial of liability coverage did not result in Downey being uninsured. Id. Chrysler then incorrectly states, ". . . Wallace now asks the court to ignore the facts and hold that Downey was not insured". Id.

Wallace has never asked the court to hold that Downey was not insured. Downey had a policy with State Farm providing $25,000.00 in liability coverage. Thus, Downey was insured. However, under the clear language of the Chrysler policy Downey was the operator of an uninsured motor vehicle.

Under Section F.3.(b) of the policy an uninsured motor vehicle is defined as an underinsured motor vehicle. In pertinent part the policy provides the following:

<u>Uninsured motor vehicle" means a land motor vehicle or trailer</u>

**b.** <u>Which is an underinsured motor vehicle.</u> An "underinsured motor vehicle' means a land motor vehicle or trailer for which the sum of all liability bonds or policies applicable at the time of an "accident" provides at least the amounts required by the applicable law where a covered 'auto' is principally garaged but their limits are less than the Limit of Insurance of this coverage; (doc.#24 ex. C at 022).Underline added.

The Chrysler policy defines an uninsured motor vehicle as an underinsured motor vehicle. Thus the assertions in Wallace's memorandum that the vehicle is an uninsured motor vehicle are correct. Chrysler's argument that uninsured motorist coverage obligations are somehow triggered because of Downey's insurance (doc. 43, pg. 6-7) are in conflict with its policy language and R.C. 3937.18 as effective on the date of the accident. Not only is uninsured motorist coverage applicable under Section F(3)(b) as set out above, it is also applicable under F(3)(c) that defines an uninsured motor vehicle in the following manner:

"For which an insuring or bonding company denies coverage or is or becomes insolvent;" Id.

The policy language only requires that <u>an insuring company</u> denies coverages. It does not require that all insurance carriers involved deny coverage but that a single carrier denies coverage.

This language in the Chrysler insurance policy is consonant with the purpose of R.C. 3937.18. The purpose of the statute is set out as follows:

> Ohio Rev. Code Ann. §§ 3937.18(A)(1) and (2) are premised on the tortfeasor's legal liability to the injured insured. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage. State Farm Auto. Ins. Co. v. Alexander, 62 Ohio St. 3d 397 (Ohio, 1992)

Chrysler's argument fails under the language of its own policy and the purpose of the UM/UIM statute.

**CONCLUSION**

The liability coverage and UM/UIM coverage of the Chrysler policy interact with one another to fulfill the purpose of R.C. 3937.18 effective on the date of the accident and to protect passengers in insured motor vehicles from the negligence of the operator. If the liability coverage, equivalent in this case to the UM/UIM coverage applies there is no need for UM/UIM coverage. Simply put, UM/UIM coverage is not excess to the liability coverage. However, if for any reason the liability coverage does not apply UM/UIM coverage takes over to protect the passenger. When UM/UIM coverage is purchased a passenger is protected one way or the other.

Wallace exercised her right with the consent of Chrysler to release the tortfeasor and pursue to UM/UIM claim. Without notice of the release of the tortfeasor this court properly found liability coverage to apply. However, with the release of the tortfeasor it became a UM/UIM claim.

Chrysler presents new evidence of the release of Downey arguing that it can be considered only to the extent that it benefits Chrysler. Aside from the obvious inequity of this argument it completely ignores the right of this court to revisit it its order under FRCP 54(B).

> Respectfully submitted,

/s/ *Edwin L. Hoseus, Jr.*
Edwin L. Hoseus, Jr.                (#0008562)
Attorney for Defendant Phyllis Wallace
Executrix of the Estate of Christopher S. Wallace
741 Milford Hills Drive
Milford, Ohio  45150
(513) 248-0317

/s/ *Carl W. Zugelter*
Carl W. Zugelter                (#0007865)
Attorney for Defendant Phyllis Wallace,
Executrix of the Estate of Christopher S. Wallace
1285 W. Ohio Pike
Amelia, Ohio  45102
(513) 752-2338
(513) 752-2234 fax

CERTIFICATE OF SERVICE

The foregoing has filed on July 8, 2004 via the ECF/PACER system, with service copies automatically provided to counsel of record.

/s/ *Carl W. Zugelter*
Carl W. Zugelter
Attorney for Defendant Phyllis Wallace