Annette G. Reed, etc., Appellant v. State Farm Mutual Automobile Insurance Company, et al., Appellees

Court of Appeals No. L-96-038

COURT OF APPEALS OF OHIO, SIXTH APPELLATE DISTRICT, LUCAS COUNTY

1997 Ohio App. LEXIS 2630

June 20, 1997, Decided

PRIOR HISTORY:  [*1] Trial Court No. CI 95-1205.

DISPOSITION: Judgment of the Lucas County Court of Common Pleas affirmed in part and reversed in part and remanded to trial court for further proceedings consistent with this opinion.

CASE SUMMARY

PROCEDURAL POSTURE: In this wrongful death action, the Lucas County Court of Common Pleas (Ohio) bifurcated the claims of appellant insured against appellee insurer and appellee uninsured tortfeasor, and allowed the insurer to provide free legal representation for the tortfeasor at trial. The insured appealed.

OVERVIEW: The uninsured motorist provisions of the policy required that, where the insured and the insurer could not agree on the insurer's liability, the insured was required to file a lawsuit against both the tortfeasor and the insurer. Upon joint motion by the insurer and the tortfeasor, the trial court ordered that the case be tried against the tortfeasor only, the insurer having agreed to be bound by the result. The trial court further ordered that the insured could not inform the jury of this arrangement or of the fact that the insurer was defending the tortfeasor against its insured. The court reversed the bifurcation order, because the policy stated that the insurer was to be made a party to any action brought by the insured against an uninsured motorist. The bifurcation of the trial effectively removed the insurer as a party in the lawsuit, which violated the express terms of the contract. However, the court affirmed the right of the insurer to defend the tortfeasor, because the policy provided that the insurer had the right to defend on the issues of legal liability and damages, and the terms of the policy did not limit the insurer to providing a defense only for itself.

OUTCOME: The court reversed the order of the trial court, insofar as it bifurcated the trial against the tortfeasor and the insurer, but affirmed the order insofar as it permitted the insurer to defend the tortfeasor against its insured.

CORE TERMS: insured, uninsured motorist coverage, assignment of error, uninsured motorist, driver, conflict of interest, informing, insurance contract, uninsured driver, involvement, well-taken, lawsuit, bias, abuse of discretion, uninsured motor vehicle, confidential information, motion to bifurcate, judgment rendered, proceed to trial, counterclaim, bifurcated, owed, error of law, unconscionable, well-settled, appealable, connotes, insurer, constitutional right, legal representation

LexisNexis(R) Headnotes  Hide Headnotes

Civil Procedure > Trials > Separate Trials
HN1 Ohio R. Civ. P. 42(B), which governs the separation of trials, states that the court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, always preserving inviolate the right to trial by jury.  More Like This Headnote

Civil Procedure > Trials > Separate Trials
Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
HN2 An appellate court will not overturn a trial court's order to bifurcate a proceeding unless such decision constitutes an abuse of discretion. The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Ambiguous Terms
Insurance Law > Claims & Contracts > Policy Interpretation > Contract Interpretation Rules
HN3 Insurance policies should be enforced in accordance with their terms as are other written contracts. Generally, language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer.  More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Usual & Ordinary Meaning
HN4 The construction of written contracts is a matter of law and courts will give common words in a written instrument their plain and ordinary meaning, unless an absurd result would follow or there is clear evidence of another meaning from the face or overall contents of the instrument.  More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Evidence > Procedural Considerations > Rulings on Evidence
HN5 When the trial court deter mines that certain evidence will be admitted or excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion.  More Like This Headnote

COUNSEL: William A. Connelly and Michael A. Bonfiglio, for appellant.

Gerald R. Kowalski, Larry P. Meyer, and Paul A. McCrory, for appellees.

JUDGES: George M. Glasser, J., Melvin L. Resnick, P.J., James R. Sherck, J., CONCUR.

OPINION: DECISION AND JUDGMENT ENTRY

This is an appeal from a judgment of the Lucas County Court of Common Pleas, which, in a wrongful death action brought by appellant, Annette G. Reed, on behalf of the estate of her deceased husband, James Reed, declared that the available limit of James Reed's uninsured motorist coverage was $ 500,000, bifurcated appellant's claims against appellee State Farm Mutual Automobile Insurance Company ("State Farm") and appellee, James Crow, and allowed State Farm to waive its subrogation rights against Crow and provide free legal representation for Crow at trial.

On appeal appellant, Annette Reed, sets forth the following four assignments of error:

"I. The trial court erred in determining that Reed may not proceed [*2] to trial against State Farm because Reed has a constitutional right to jury trial on her contract claim against State Farm.

"II. The trial court erred in determining that Reed may not proceed to trial against State Farm because the insurance contact requires that Reed file suit against State Farm.

"III. The trial court erred in determining that State Farm has the right to provide free legal representation to Crow, the uninsured driver, without the jury's knowledge because the insurance contract does not give State Farm that right.

"IV. The trial court erred in determining that Reed is prohibited from informing the jury that State Farm's lawyer represents Crow and that State farm has waived its right of subrogation against Crow because (a) the arrangement is not authorized by the parties' contract, (b) it gives rise to a conflict of interest, (c) it forms the basis of bias of Crow in favor of State Farm which Reed must be allowed to explore on cross-examination."

The facts which are relevant to the issues raised on appeal are as follows. On June 13, 1992, appellant's husband, James Reed, and appellee, Floyd Crow, were involved in an automobile collision [*3] in which James Reed was killed. At the time of the accident, Crow was an uninsured motorist. Reed was insured by State Farm pursuant to a policy which included uninsured motorist coverage. Reed's policy contained a provision titled "6997AU AMENDMENT OF UNINSURED MOTOR VEHICLE COVERAGE"

which stated, in pertinent part, that, in deciding whether State Farm is liable to its insured:

"Two questions must be decided by agreement between the insured and us [State Farm]:

"1. Does the owner or driver of the uninsured motor vehicle legally owe the insured damages, and

"2. If so, in what amount?

"If there is no agreement, then:

"1. If both parties consent, these questions shall be decided by arbitration *** :

"2. If either party does not consent to arbitrate these questions ***, the insured shall:

"a. file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is unknown against us; and

"b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action, and

"c. secure a judgment in that action. ***

"3. [*4] If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver. *** "

On August 21, 1992, appellant filed a complaint against Crow on behalf of Reed's estate, which set forth claims for damages due to personal injury and wrongful death. On January 19, 1993, the complaint was amended to include State Farm as a defendant, as required by Reed's uninsured motorist policy. In the amended complaint, appellant alleged that Reed's policy provided "uninsured/underinsured motorist coverage in the amount

or $ 250,000 per person/$ 500,000 per occurrence." Accordingly, appellant demanded a jury trial "to determine the amount of compensation she should receive as a result of the injuries sustained by and subsequent death of James M. Reed, deceased *** ." On March

22, 1993, Crow filed an answer and counterclaim, in which he claimed personal injury and property damage as a result of Reed's alleged negligence in the accident.

On April 15, 1993, with leave of court, appellant filed a second amended complaint in which she asked the court to declare that [*5] "there is uninsured motorist coverage in the total amount of $ 500,000" for damages arising from the accident. On May 3, 1993, Crow filed an answer to the second amended complaint. On July 29, 1993, Crow's counterclaim was dismissed with prejudice as a result of a settlement between Crow and State Farm, which was acting on behalf of appellant.

On February 8, 1995, State Farm and Crow filed a joint motion to bifurcate appellant's claims on the basis that Crow's defense would be prejudiced if evidence is presented to the jury that "State Farm Mutual Automobile Insurance Company provides uninsured motorist coverage to [appellant]." In addition, State Farm stated that, if the trial court bifurcated appellant's claims, "State farm will agree to be bound by the result in the trial between [appellant] and defendant, Floyd Crow, Jr." On February 17, 1995, appellant filed a memorandum in opposition, in which she argued that evidence of uninsured motorist coverage is not prohibited by the Ohio Rules of Evidence, and Reed's uninsured motorist policy requires that State Farm be a party to any action against an uninsured motorist. Appellant also alleged that if the motion to bifurcate were [*6] to be granted State Farm would "enter an appearance and defend this case on behalf of Crow," and "waive its subrogation claim" against Crow. On March 1, 1995, an oral hearing was held on the motion to bifurcate, and on March 2, 1994, the trial court granted the motion.

On March 24, 1995, appellant voluntarily dismissed the complaint with right to refile pursuant to Civ.R. 41, and on May 3, 1995, the case was refiled. In the refiled complaint, appellant asked for monetary damages and a declaration that: 1) "there is uninsured motorist coverage in the total amount of $ 500,000," and 2) "counsel retained by State Farm is prohibited from representing and/or defending defendant Floyd Crow."

In October 1995, a pretrial conference was held and on January 3, 1996, the trial court filed a "JOURNAL ENTRY" to "give the parties guidance as to the effect of the Court's [March 2, 1995] ruling and guidance as to the conduct of the trial *** ." In its decision, the court made the following orders:

"IT IS HEREBY ORDERED that [State Farm's] Motion to Bifurcate is found to be well taken and granted.

"IT IS ORDERED that [appellant] shall proceed to trial against only defendant [*7] Crow.

"IT IS ORDERED that, per the consent of defendant State Farm, defendant State Farm will be bound by any judgment rendered against defendant Crow.

"IT IS ORDERED that the limit of uninsured motorist coverage that applies to this claim is $ 500,000.

"IT IS ORDERED that in the trial against defendant Crow [appellant] is prohibited form informing the jury of [appellant's] contract for uninsured motorist coverage with defendant State Farm.

"IT IS ORDERED that in the trial against defendant Crow, [appellant] is prohibited from informing the jury that State Farm is a named party in this suit.

"IT IS ORDERED that in the trial against defendant Crow, defendant State Farm is permitted to and will provide legal counsel to defendant Crow.

"IT IS ORDERED that in the trial against defendant Crow, the [appellant] is prohibited from informing the jury that defendant State Farm has provided counsel for defendant Crow.

"IT IS ORDERED that in the trial against defendant Crow, [appellant] is prohibited from informing the jury that defendant State Farm has an agreement with defendant Crow that State Farm will not enforce its right of subrogation against [*8] Crow in the event of an award in [appellant's] favor.

"The Court further makes an express determination that there is no just cause for delay pursuant to Ohio Civil Rule 54(B)."

On January 29, 1996, appellant filed a notice of appeal from the trial court's order. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 On March 7, 1996, State Farm filed a motion to dismiss appellant's appeal, in which it asserted that the trial court's January 3, 1996 order was not final and appealable. On April 18, 1996, this court filed a decision and judgment entry in which we found that "the order is final and appealable as it pertains to the declaratory judgment action." Reed v. State Farm Mutual Automobile Ins. Co. (Apr. 18, 1996), 1996 Ohio App. LEXIS 2223, Lucas App. No. L-96-038, unreported. However, on October 28, 1996, we sua sponte reconsidered that decision and ordered "that this appeal proceed as an appeal from all portions of the trial court's January 3, 1996 order." Reed v. State Farm Mutual Automobile Ins. Co. (Oct. 28, 1996), 1996 Ohio App. LEXIS 2223, Lucas App. No. L-96-038, unreported.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*9]

Appellant asserts in her second assignment of error that the trial court's order bifurcating her claim against State Farm violates the terms of her contract for uninsured motorist coverage. In support thereof, appellant argues that "State Farm was named as a party

defendant in this case because its own contract required it" and it cannot now seeks "to alter those terms after the fact to avoid having the contract claim deter mined by a jury."

Appellees respond that the terms of the insurance contract were not violated by the trial court's order because the goal of the contract is to ensure that State Farm has knowledge of the action which is being tried against the tortfeasor. Appellees assert that this goal is met because State Farm has agreed to be bound by any judgment rendered by the jury against Crow. State Farm also argues that the insurance contract is susceptible to more than one interpretation, and that bifurcation of appellant's claims "is simply one method of implementing [State Farm's] rights" under the contract.

HN1Civ.R. 42(B), which governs the separation of trials, states:

"The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when [*10] separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, *** always preserving inviolate the right to trial by jury."
 HN2
An appellate court will not overturn a trial court's order to bifurcate a proceeding unless such decision constitutes an abuse of discretion. Heidbreder v. Northampton Twp. Trustees (1979), 64 Ohio App. 2d 95, 100, 411 N.E.2d 825. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140.

It is well-settled in Ohio that HN3"insurance policies should be enforced in accordance with their terms as are other written contracts." Rhoades v. Equitable Life Assur. Soc. of U.S. (1978), 54 Ohio St. 2d 45, 47, 374 N.E.2d 643; Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St. 3d 619, 624, 635 N.E.2d 317. Generally, "language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St. 2d 95, 313 N.E.2d 844, at the syllabus. [*11]

This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the insurance policy issued to appellant by State Farm stated that State Farm was to be made a party to any action brought by appellant against an uninsured motorist. By separating appellant's claims against State Farm and Crow, and allowing State Farm to agree to be bound by any jury verdict against Crow, the trial court effectively removed State Farm as a party in this lawsuit, a result which is in violation of the express terms of the parties' contract for uninsured motorist coverage. Accordingly, when construing the terms of the contract in favor of the insured, we find that the trial court abused its discretion and appellant's second assignment of error is well-taken.

Appellant asserts in her first assignment of error that the trial court should not have bifurcated her claims against State Farm and Crow because such an order violates her

constitutional right to a trial by jury against State Farm. In support thereof, appellant argues that she will never have a chance to litigate the issues of liability and damages owed by State Farm under [*12] the insurance contract because State Farm has agreed to be bound by any judgment rendered by the jury against Crow.

Appellees respond that appellant's constitutional rights are not violated by the trial court's order because the trial court's order preserves her right to a trial by jury on the issue of damages caused by Crow.

Upon consideration of our disposition as to appellant's second assignment of error, this court finds that appellant's first assignment of error has been rendered moot and is not well-taken.

Appellant asserts in her third assignment of error that the trial court erred when it permitted State Farm to provide free legal counsel "to defend Crow against its own insured at trial, without the jury's knowledge." In support thereof, appellant argues that the contract for uninsured motorist cover age provides that State Farm may "defend itself on the issues of liability and damages," it does not specifically permit State Farm to defend an uninsured driver, and such a tactic is "manipulative and unfair."

Appellees respond that "there is nothing in the con tract language which specifically forbids" State Farm from defending Crow, there is no conflict of interest because [*13] the interests of State Farm and Crow "are identical" in this case, and "the trial court's ruling did not alter Plaintiff/Appellant's strategic or evidentiary burdens."

As set forth above, unambiguous provisions in an insurance policy are to be enforced according to their terms, as are other contracts. Rhoads, supra; Miller, supra. HN4The construction of written contracts is a matter of law and courts will give common words in a written instrument their plain and ordinary meaning, unless an absurd result would follow or there is clear evidence of another meaning from the face or overall contents of the instrument. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St. 2d 241, 374 N.E.2d 146, at paragraphs one and two of the syllabus.

In this case, appellant's uninsured motorist policy clearly states that if an uninsured driver is sued by its insured, State Farm has the right to "defend on the issues of the legal liability of and the damages owed by such owner or driver." The terms of the policy do not limit State Farm to providing a defense only for itself.

Upon consideration of the foregoing, this court finds that State Farm is entitled by the terms of appellant's uninsured motorist [*14] policy to provide a defense for Crow, an uninsured driver, and appellant's third assignment of error is not well-taken.

Appellant asserts in her fourth assignment of error that the trial court erred when it ordered appellant not to reveal to the jury that State Farm was providing counsel for Crow and waiving its subrogation rights against Crow, thereby effectively preventing

appellant from cross-examining Crow as to any possible bias in favor of State Farm. In support thereof, appellant argues that the jury should be informed of State Farm's involvement in the case because State Farm, as appellant's insurer, may possess "confidential information" about appellant, and because State Farm's involvement presents a "conflict of interest," and creates "an undeniable bias" that appellant should be allowed to explore at trial.

Appellees respond that appellant has not provided evidence of any "confidential information" which could be used against her at trial by State Farm, and there can be no conflict of interest between State Farm and Crow because their interests in this case are identical. Appellees also argue that the trial court correctly prohibited appellant from cross-examining Crow [*15] on the issue of liability, because such information "is arguably of limited probative value capable of being outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

It is well-settled that HN5"when the trial court deter mines that certain evidence will be admitted or excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion." O'Brien v. Angley (1980), 63 Ohio St. 2d 159, 163, 407 N.E.2d 490. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140.

In this case, appellant has presented no evidence of any "confidential information" obtained by State Farm during its representation of appellant which could be used against her in this case. In any event, State Farm's open participation in the lawsuit will eliminate any possibility of a conflict of interest or hidden bias toward State Farm on the part of Crow. With State Farm as a party defendant, there will exist the opportunity to prevent [*16] injustice by testing the evidence offered by appellant as the tortfeasor would, which will place appellant in the same position she would have been in if Crow had possessed liability insurance, and should ultimately provide a better result for all parties. See Bartlett v. Nationwide Mutual Ins. Co. (1973), 33 Ohio St. 2d 50, 52, 294 N.E.2d 665.

Upon consideration of the entire record of proceedings which was before the trial court, our disposition as to appellant's first assignment of error and the law as set forth above, this court finds that the trial court abused its discretion when it ordered appellant not to present any evidence of State Farm's involvement in the case to the jury. The issue of possible prejudice due to the jury's knowledge of State Farm's involvement in the case is therefore rendered moot. State Farm's participation as a party defendant will reveal to the jury that State Farm and Crow share a continuing and present pecuniary interest in the outcome of this lawsuit, with or without cross-examination of Crow on the specific issue of bias. See Costell v. Toledo Hosp. (1992), 82 Ohio App. 3d 393, 612 N.E.2d 487. Accordingly, appellant's fourth assignment of error is well-taken.

On consideration [*17] whereof, this court finds further that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is hereby affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with this opinion.

Court costs are assessed equally to appellant, State Farm and Crow.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.

George M. Glasser, J.

Melvin L. Resnick, P.J.

James R. Sherck, J.

CONCUR.

Source:   My Sources > Ohio > Cases > OH State Cases, Combined
Terms:    reed "state farm" 1997  (Edit Search)
View:     Full
Date/Time:  Tuesday, July 6, 2004 - 4:16 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.