UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ELECTRIC INSURANCE COMPANY,** et al. | : | CASE NO. C-1-00-1056 |
| | : | JUDGE WILLIAM O. BERTELSMAN |
| **Plaintiffs** | : | |
| v. | : | |
| | : | ORDER |
| **PHYLLIS H. WALLACE, EXECUTRIX OF THE ESTATE OF CHRISTOPHER S. WALLACE, et al.** | : | |
| **Defendants** | : | |

    This matter comes before the court on Defendant Chrysler Insurance Company's Motion for Summary Judgment on the cross-claim of Defendant Phyllis H. Wallace (Doc. #53) and Defendant Wallace's Motion for Reconsideration, Motion for Summary Judgment and Response to Chrylser's Motion of Summary Judgment (Doc. #59).  Oral argument was held on January 18, 2005.  Defendant Chrysler was represented by Brian Meeker, and Defendant Wallace was represented by Carl Zugelter and Pat Hoseas.  Official Court Reporter Joan Averdick recorded the proceedings.  The court, having heard the parties and being otherwise advised, finds as follows:

    The previous order of this Court, dated November 4, 2002, need not be reconsidered as more than a year has passed from the time of that order and the Motion to Reconsider.  F.R.Civ. P. 60(b) provides that a motion of relief from order or judgment must be made within a reasonable time.  And, if based upon newly discovered evidence, as claimed by Defendant Wallace, a claim may not be brought more than one year after the judgment or order.

The order here was issued on November 4, 2002. The Motion to Reconsider was filed on May 14, 2004. Clearly more than one year has passed. Therefore, the Motion to Reconsider shall be denied and the remaining issues are to be determined in accordance with the November 4, 2002 decision.

The previous order determined that Defendant Chrysler was responsible to provide liability coverage to Defendant Wallace and that the UM/UIM coverage was not triggered because sufficient liability coverage was available. (Order, November 4, 2002, p. 8-9). However, since that Order, Defendant Chrysler has denied liability coverage based upon the consent to and release of the tortfeasor and the concomitant inability of Defendant Wallace to bring a direct action against the insurer for the liability coverage. *See Chitlik v. Allstate Ins. Co.*, 43 Ohio App. 2d 193, 197 (Ohio App. 1973). Pursuant to the language of the Chrysler policy, this denial of liability coverage triggers the UM/UIM coverage of the Chrysler policies. *See State Farm Auto Ins. Co. v. Alexander,* 62 Ohio St. 3d 397 (Ohio 1992). The consent to the settlement estopped Chrysler from denying the UM/UIM motorist coverage.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. That the court **grants in part and denies in part** Defendant Chrysler's Motion for Summary Judgment (Doc. # 53) and **grants in part and denies in part** Defendant Wallace's Motion for Reconsideration and Motion for Summary Judgment. (Doc. # 59), as outlined above;

2. That a final pretrial conference will be held in this matter on **Friday, May 27, 2005 at 2:00 p.m.** in Room 505, United States Courthouse, in Covington, Kentucky. The parties are directed to comply with the standard final pretrial order entered concurrently herewith; and

3. That trial by jury will commence on **Monday, June 20, 2005 at 10:00 a.m.** in the Courtroom "A," United States Courthouse in Covington, Kentucky.

This 9th day of Feburary, 2005.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge