UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELECTRIC INSURANCE COMPANY, et al. | CASE NO. c-1-00-1056 |
| Plaintiffs | JUDGE WILLIAM O. BERTELSMAN |
| vs. | **JOINT FINAL PRETRIAL MEMORANDUM** |
| PHYLLIS H. WALLACE, Executrix of the Estate of Christopher S. Wallace, et al. | |
| Defendants | |

Now come the parties, pursuant to the Court's Final Pretrial Conference Order, and submit the following as their Final Pretrial Memorandum for the Final Pretrial scheduled for May 27, 2005 at 2:00 p.m.

**I.   Jurisdiction of the court.**

Jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332. The matter in controversy, the cross-claim filed by defendant Wallace against defendant Chrysler Insurance Company, is between citizens of different states. The Estate of Wallace is a citizen of Ohio; Chrysler Insurance Company is a foreign corporation with its principle place of business in Michigan.

**II.   Kind of Action.**

Wallace's cross-claim against Chrysler Insurance Company is for underinsured motorists benefits arising out of the death of Wallace's decedent in an automobile accident.

III.  **Statement of Facts.**

This matter involves a one-car motor vehicle accident that occurred on April 16, 1999. The operator of the motor vehicle, Brian A. Downey, lost control when he failed to negotiate a curve, left the roadway and struck a utility pole and tree. Wallace's decedent, Christopher A. Wallace, was pronounced dead at the scene of the accident. The vehicle was owned by Chrysler Insurance Company's insured, Mike Castrucci Ford, and had been loaned to Christopher Wallace while his vehicle was in for service. Issues pertaining to Wallace's entitlement to underinsured motorist coverage have been determined by the court's previous orders.

Additionally, the following facts have been stipulated by the parties:

A.  After the accident, a toxicology report indicated that Brian A. Downey had a blood alcohol content of .223 grams;

B.  A post-mortem examination of Christopher Wallace reflected a blood alcohol level of .14 grams;

C.  Christopher Wallace permitted Brian Downey to drive the loaner vehicle with knowledge of the fact that Brian Downey had consumed alcoholic beverages.

IV.  **Issues of Law (Substantive).**

A.  Wallace's right to insurance coverage under the Chrysler Insurance Company policy is a matter of contract. This issue has been addressed in the court's previous rulings in this matter;

B.  Wallace's right of recovery against Chrysler Insurance is dependent on a determination that the allegedly underinsured tortfeasor, Brian A. Downey,

is liable in tort. This question is controlled by the provisions of Ohio's wrongful death statute, Ohio Revised Code Section 2125.02.

**C.** A wrongful death award must be reduced, under Ohio law, by the percentage of responsibility attributed to the plaintiff's decedent. See *Molton v. City of Cleveland* (C.A. 6 (Ohio) 1988) 839 F.2d 240, certiorari denied 109 S.Ct. 1345, 489 U.S. 1068. Also see the former Ohio R.C. §2315.19. There can be no recovery in a situation where the decedent's negligence exceeds that of the alleged tortfeasor.

**D.** The parties have agreed that Chrysler Insurance Company, as the underinsured motorist carrier, is entitled to a set-off of $100,000.00 from any award returned in this case. This is the amount of insurance benefits recovered from the tortfeasor's liability coverage and the primary underinsured motorist policy providing coverage to Christopher Wallace.

**V.    Issues of Law (Procedural).**

The parties anticipate no unique or unusual procedural issues.

**VI.   Issues of Law (Evidentiary).**

The parties anticipate no unique or unusual evidentiary issues. Further, the parties have stipulated to the admissibility of certain documents including the coroner's report of post mortem examination and the decedent's tax returns.

**VII.  Instructions and Special Verdict.**

The parties have conferred in regard to the jury instructions and interrogatories, and an agreed set of instructions/interrogatories will be submitted separately.

Respectfully submitted,


*/s/ Brian A. Meeker*
BRIAN A. MEEKER (0063543)
Reminger & Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093
(216) 687-1311; Fax: (216) 687-1841
bmeeker@reminger.com
*Attorney for Defendant*
*Chrysler Insurance Company*


*/s/ Carl W. Zugelter*
Carl W. Zugelter, Esq.
Law Office of Carl W. Zugelter
1285 W. Ohio Pike
Amelia, OH  45102
(513) 752-0647; Fax: (513) 752-2234
czugelter@fuse.net
*Attorney for Phyllis Wallace*


*/s/ Edwin L. Hoseus, Jr.*
EDWIN I. HOSEUS, JR.
741 Milford Hills Drive
Milford, OH  45150
(513) 248-0317; Fax: (513) 248-0321
ehoseus@fuse.net
*Attorney for Phyllis Wallace*